STATE OF NEBRASKA, APPELLEE, V.
THOMAS L. FISCHER, APPELLANT.
726 N.W.2d 176

Filed January 19, 2007.   No. S-06-069.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Thomas L. Fischer was convicted in the county court for Cheyenne County of driving under the influence in violation of Neb. Rev. Stat. § 60-6,196 (Supp. 2003). Fischer appealed his county court conviction to the district court for Cheyenne County. On appeal to the district court, Fischer asserted, inter alia, that the county court erred in overruling his objection to admission of certain exhibits and in concluding that he did not have a right under the Confrontation Clause to confront and cross-examine the person who prepared the certificate verifying the concentration of the alcohol breath simulator solution that was used to calibrate the breath testing device that was used to test Fischer's breath. The district court rejected Fischer's claims of error and affirmed his conviction. Fischer appeals. We conclude that the certificate verifying the concentration of the simulator solution is not testimonial in nature and not subject to further Confrontation Clause analysis. Because we determine there is no merit to the assigned errors, we affirm.

## STATEMENT OF FACTS

The State filed a complaint in county court charging that on June 18, 2004, Fischer was driving under the influence of alcoholic liquor in Sidney, Nebraska. The State cited § 60-6,196(1), which provides that it is "unlawful for any person to operate or be in actual physical control of any motor vehicle . . . (c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath." Fischer pled not guilty and demanded a jury trial.

Prior to trial, Fischer filed a motion in limine seeking an order precluding the State from offering any evidence regarding the chemical test of Fischer's breath "unless the witness who prepared the simulator solution, which was used to calibrate the breath testing device herein, is present in Court and available for cross-examination." Fischer argued that the validity of the substance used to calibrate the breath testing device was critical to the ability of the device to give accurate results and that any assertion as to the validity of the substance was testimonial in nature and therefore subject to confrontation and cross-examination pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). After a hearing, the county court determined that title 177 of the Nebraska Administrative Code governed the admissibility of the chemical test results and that therefore, the foundation requirements were statutory and not evidentiary. See 177 Neb. Admin. Code, ch. 1 (2004). The court overruled Fischer's motion in limine, provided the State could show sufficient foundation for the admissibility of the test results under title 177.

Trial was held in county court on March 15, 2005. Sgt. Dale Miller of the Sidney Police Department testified that he was the department's site maintenance officer under title 177. As such, Miller was responsible for conducting the checks required under title 177 of the breath testing devices used by the department's officers. Miller testified that on June 12, 2004, a check was conducted on the device that was subsequently used to test Fischer's breath on June 18. Miller testified that the June 12 check showed that the device was functioning accurately. As part of the routine check, Miller used a breath simulator solution with a known concentration of alcohol. Miller testified that the solution was run through the device to determine whether the device accurately measured the known concentration of alcohol in the solution. Miller further testified that when he received the solution used to perform checks, he also received a document certifying that the solution was accurately prepared and that the stated concentration was accurate.

As part of Miller's testimony, the State offered into evidence exhibit 11, which was the document certifying the accuracy of the solution Miller used to test the device on June 12, 2004. The

document was titled "Chemical Analysis Certification of Alcohol Breath Simulator Solution" and stated that the solution was prepared on February 3, 2004, "at a value of .080 of a gram of alcohol per 210 liters of breath." The certificate was signed by Cecil B. Garner, president of the company that supplied the solution. Fischer objected to admission of exhibit 11 on hearsay, foundation, and Confrontation Clause grounds. The court received the exhibit over Fischer's objection. Also in connection with Miller's testimony, the State offered into evidence exhibit 14, which was the "Certification of Accuracy of the Internal Reference Standard used for Calibration Verification" that Miller prepared and signed in connection with a June 3, 2004, check that Miller performed on the breath testing device. The court received exhibit 14 over Fischer's objection on foundation, hearsay, and Confrontation Clause grounds.

Officer Curtis Hofrock, the Sidney police officer who arrested Fischer, also testified at trial. Hofrock testified that he performed the breath test on Fischer. In connection with Hofrock's testimony, the State offered into evidence exhibit 16, which was a checklist Hofrock completed detailing the steps he took in performing the breath test on Fischer. The State also offered exhibit 17, which was the test card related to Fischer's breath test. The results as reflected on the card showed an alcohol concentration of .150 grams per 210 liters. The court received both exhibits 16 and 17 into evidence over Fischer's objections on, inter alia, Confrontation Clause grounds.

In submitting the case to the jury, the county court instructed the jury on reasonable doubt. The reasonable doubt instruction given by the court was as follows:

> A reasonable doubt is one based upon reason and common sense after careful and impartial consideration of all the evidence. Proof beyond a reasonable doubt is proof so convincing that, *once convinced*, you would rely and act upon it without hesitation in the more serious and important transactions of life. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

(Emphasis supplied.) The court rejected an instruction proposed by Fischer which read the same as the above-quoted instruction except that it omitted the phrase "once convinced" in the second

sentence. The instruction proposed by Fischer followed the text of the pattern instruction in NJI2d Crim. 2.0.

The jury found Fischer guilty, and the county court entered judgment based on the verdict. On May 12, 2005, the county court sentenced Fischer to 6 months' probation.

Fischer appealed his conviction to the district court for Cheyenne County. In his statement of errors, Fischer asserted, inter alia, that the county court erred in failing to sustain his motion in limine; in receiving the results of the breath test into evidence, and in rejecting his proposed instruction on reasonable doubt and instead giving an improper instruction. On December 12, 2005, the district court entered an order ruling on Fischer's appeal. The district court rejected Fischer's argument that he had a right under the Confrontation Clause to cross-examine Garner, the person who signed the certificate regarding the preparation of the simulator solution. The district court found that the State had shown compliance with title 177 and that therefore, the breath test results were admissible. The district court further concluded that the reasonable doubt instruction given by the county court was an accurate statement of law. Having rejected his arguments, the district court affirmed Fischer's conviction. Fischer appeals the district court's order affirming his conviction in county court.

## ASSIGNMENTS OF ERROR

Fischer asserts that the district court erred in affirming his conviction and, specifically, in finding that (1) Fischer did not have a right under the Confrontation Clause to cross-examine Garner with respect to the simulator solution; (2) the county court did not err in admitting exhibits 11, 14, 16, and 17; and (3) the county court gave a proper instruction on reasonable doubt.

## STANDARDS OF REVIEW

■ An appellate court reviews de novo a trial court's determination of the protections afforded by the Confrontation Clause and reviews the underlying factual determinations for clear error. *State v. Hembertt*, 269 Neb. 840, 696 N.W.2d 473 (2005).

■ Whether jury instructions given by a trial court are correct is a question of law. *State v. Iromuanya, ante* p. 178, 719 N.W.2d 263 (2006). When dispositive issues on appeal present

questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *Id.* In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Id.*

## ANALYSIS

*Statements in Solution Certificate Not Testimonial Under Confrontation Clause.*

Fischer assigns error to the admission of exhibits 11, 14, 16, and 17, and at trial, he objected to admission of those exhibits on various bases. However, in his brief, Fischer limits his arguments on appeal to an argument that exhibit 11 was admitted in violation of his rights under the Confrontation Clause. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Iromuanya, supra.* Therefore, with regard to Fischer's first and second assignments of error, we consider only exhibit 11 and Fischer's assertion that its admission violated his rights under the Confrontation Clause.

Exhibit 11 is a document entitled "Chemical Analysis Certification of Alcohol Breath Simulator Solution." Exhibit 11 is signed by Garner and states that he is designated by the Department of Health and Human Services as the licensed supplier of alcohol breath simulator solutions. Exhibit 11 further indicates that the solution provided by Garner was prepared "at a value of .080 of a gram of alcohol per 210 liters of breath." The record shows that Miller subsequently used the simulator solution to maintain and test the breath testing device. Fischer argues that the admission of exhibit 11 regarding the concentration of the simulator solution violated his rights under the Confrontation Clause because he was not given the opportunity to cross-examine Garner.

The Confrontation Clause, U.S. Const. amend. VI, provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." In *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the U.S. Supreme Court held that where "testimonial" statements are at issue, the

Confrontation Clause demands that such out-of-court hearsay statements be admitted at trial only if the declarant is unavailable and there had been a prior opportunity for cross-examination. Because *Crawford* involved what the U.S. Supreme Court found to be a testimonial statement, the Court was not required in that case to decide whether any Confrontation Clause analysis was required in ruling on the admissibility of nontestimonial statements. But recently, in *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006), the Court again considered the application of the Confrontation Clause in two appeals combined for opinion. See *State v. Davis*, 154 Wash. 2d 291, 111 P.3d 844 (2005), *cert. granted* 546 U.S. 975, 126 S. Ct. 547, 163 L. Ed. 2d 458, and *Hammon v. State*, 829 N.E.2d 444 (Ind. 2005), *cert. granted* 546 U.S. 976, 126 S. Ct. 552, 163 L. Ed. 2d 459. The Court determined that while the statements in *Hammon v. State* were testimonial, the statements in *State v. Davis* were nontestimonial. The Court stated that because the statements in *State v. Davis* were nontestimonial, it no longer had the "luxury of indecision" on "whether the Confrontation Clause applies only to testimonial hearsay." 547 U.S. at 823. The Court noted that the answer was "suggested" if not "explicitly held" in *Crawford* and that the text of the Confrontation Clause focused on testimonial hearsay in that it " 'applies to "witnesses" against the accused—in other words, those who "bear testimony." ' " 547 U.S. at 823. The Court also stated that only testimonial statements "cause the declarant to be a 'witness' within the meaning of the Confrontation Clause" and that "[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." 547 U.S. at 821. After determining that the statements in *State v. Davis* were nontestimonial, the Court affirmed admission of the statements without further Confrontation Clause analysis. *Davis v. Washington, supra.*

■ Therefore, the initial step in our Confrontation Clause analysis is to determine whether the statements at issue are testimonial in nature and subject to a Confrontation Clause analysis. If the statements are nontestimonial, then no further Confrontation Clause analysis is required. See *Davis v.*

*Washington, supra.* The U.S. Supreme Court did not provide a comprehensive definition of "testimonial" in either *Crawford* or *Davis.* We have noted that in *Crawford,* the Court stated that testimonial statements included, at a minimum, prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and police interrogations. See, *State v. Hembertt,* 269 Neb. 840, 696 N.W.2d 473 (2005); *State v. Vaught,* 268 Neb. 316, 682 N.W.2d 284 (2004). We further noted that the U.S. Supreme Court in *Crawford* provided three formulations of the core class of testimonial statements:

> "In the first, testimonial statements consist of 'ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine or similar pretrial statements that declarants would reasonably expect to be used prosecutorially.' . . . The second formulation described testimonial statements as consisting of 'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.' . . . Finally, the third explained that testimonial statements are those 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' . . . While the Court declined to settle on a single formulation, it noted that, '[w]hatever else the term [testimonial] covers, it applies . . . to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and to police interrogations. These are the modern abuses at which the Confrontation Clause was directed.' "

*State v. Vaught,* 268 Neb. at 325, 682 N.W.2d at 291, quoting *Horton v. Allen,* 370 F.3d 75 (1st Cir. 2004), *cert. denied* 543 U.S. 1093, 125 S. Ct. 971, 160 L. Ed. 2d 905 (2005).

In *Davis v. Washington,* 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006), the U.S. Supreme Court further refined its analysis of whether statements made in response to police questioning are testimonial for Confrontation Clause purposes. The Court contrasted the statements involved in the two appeals—a victim's statements in response to a 911 emergency dispatch

operator's questions which the Court found to be nontestimonial in the appeal from *State v. Davis*, 154 Wash. 2d 291, 111 P.3d 844 (2005), and a victim's written statements in an affidavit given to police officers which the Court found to be testimonial in the appeal from *Hammon v. State*, 829 N.E.2d 444 (Ind. 2005). The Court stated:

> Without attempting to produce an exhaustive classification of all conceivable statements—or even all conceivable statements in response to police interrogation—as either testimonial or nontestimonial, it suffices to decide the present cases to hold as follows: Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U.S. at 822.

In the same vein, the U.S. Supreme Court had previously stated in *Crawford* that a statement is testimonial where it is " 'made for the purpose of establishing or proving some fact.' . . . An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

Based on this framework, we determine that the statements at issue in this case were not "testimonial" within the meaning of *Crawford* and *Davis*. The statements in exhibit 11 were limited to Garner's certifications regarding the concentration of the alcohol breath simulator solution. Unlike the statements found to be testimonial in *Crawford* and *Hammon*, the statements in the certificate did not occur in the context of structured police questioning and did not pertain to any particular pending matter. Although there was State involvement in the preparation of the statements contained in exhibit 11 in the sense that the certificate was in a form required by the Nebraska Department of Health and Human Services pursuant to title 177, the primary

purpose for which the statements in exhibit 11 were generated and provided to the Sidney Police Department was to assure that the solution used to calibrate and test breath testing devices was of the proper concentration. The statements made in the certificate were required to be made as an administrative function whether or not the statements would eventually be used in any criminal prosecution.

Exhibit 11 was prepared in a routine manner without regard to whether the certification related to any particular defendant. Indeed, the statements in exhibit 11 were made in February 2004, and the crime in this case did not occur until June 2004. The statements made in exhibit 11 were too attenuated from the prosecution of the charges against Fischer for the statements to be "testimonial" in the sense required under *Crawford*, *Davis*, and the Confrontation Clause.

Our conclusion, while based on the facts of this case, is consistent with the reasoning and conclusions of courts that have considered similar circumstances. In *People v. Lebrecht*, 13 Misc. 3d 45, 823 N.Y.S.2d 824 (2006), the court determined that statements in a simulator solution certificate were not testimonial under *Crawford*. The court in *Lebrecht* noted:

> The certificates were prepared in the course of the certifier's routine official duties and "systematically" produced "in the conduct of . . . business" . . . to fulfill an official mandate that the machines be maintained in working order. Although prepared, to an extent, in recognition of their necessity in the event of litigation and constituting a part of the foundational predicate for the admission of [blood alcohol content] test evidence, the certificates did not result from structured police questioning, they were not created at official request "to gather incriminating evidence against a particular individual" . . . and they did not constitute a direct accusation of an essential element of any offense . . . .

13 Misc. 3d at 49, 823 N.Y.S.2d at 827-28. Other courts, while not specifically addressing solution certificates, have found that statements in other certificates relating to maintenance of breath testing devices were nontestimonial. See, *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 129 P.3d 471 (Ariz. App. 2006); *Rackoff v. State*,

281 Ga. 306, 637 S.E.2d 706 (2006); *Neal v. State*, 281 Ga. App. 261, 635 S.E.2d 864 (2006); *People v. Kim*, 368 Ill. App. 3d 717, 859 N.E.2d 92, 307 Ill. Dec. 92 (2006); *Jarrell v. State*, 852 N.E.2d 1022 (Ind. App. 2006); *Com. v. Walther*, 189 S.W.3d 570 (Ky. 2006); *Green v. DeMarco*, 11 Misc. 3d 451, 812 N.Y.S.2d 772 (2005). But see, *Belvin v. State*, 922 So. 2d 1046 (Fla. App. 2006); *People v. Orpin*, 8 Misc. 3d 768, 796 N.Y.S.2d 512 (2005).

We note that the only evidence at issue in this appeal is the simulator solution certificate prepared by Garner, and therefore, our decision in this appeal is limited to the statements in that certificate. We further note that Fischer does not argue on appeal that exhibit 11 was admitted in violation of hearsay rules, and we do not address whether exhibit 11 was admissible under a hearsay exception.

We conclude that the statements in exhibit 11 were nontestimonial and that therefore, the admission of exhibit 11 was not subject to further Confrontation Clause analysis and did not violate Fischer's rights under the Confrontation Clause. We reject Fischer's first and second assignments of error.

*Reasonable Doubt Instruction Not Prejudicial to Fischer.*

Fischer also asserts that the district court erred in failing to find error in the county court's reasonable doubt instruction, which varied from the pattern instruction that he proposed. We conclude that although, in general, a trial court should give the pattern instruction, the instruction given in this case was not prejudicial to Fischer.

Before an error in the giving of instructions can be considered as a ground for reversal of a conviction, it must be considered prejudicial to the rights of the defendant. *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006). Jury instructions must be read as a whole, and if they fairly present the law so that the jury could not be misled, there is no prejudicial error. *State v. Iromuanya, ante* p. 178, 719 N.W.2d 263 (2006).

The instruction given by the county court generally followed the pattern instruction provided in NJI2d Crim. 2.0 except that the words "once convinced" were added by the trial court to the second sentence so that the sentence read: "Proof beyond a

reasonable doubt is proof so convincing that, *once convinced*, you would rely and act upon it without hesitation in the more serious and important transactions of life." (Emphasis supplied.) Fischer argues that the instruction given by the county court creates a lower standard for reasonable doubt than does the pattern instruction because it requires only that the jury be "convinced" and not "convinced beyond a reasonable doubt." Brief for appellant at 12. We reject Fischer's argument.

Although we have stated that the Nebraska pattern jury instructions are to be used whenever applicable, we have recognized that a failure to follow the pattern jury instructions does not automatically require reversal. See *McClure v. Forsman*, 266 Neb. 90, 662 N.W.2d 566 (2003). We have also stated that as long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the U.S. Constitution does not require that any particular form of words be used in advising the jury of the prosecution's burden of proof. *State v. Putz*, 266 Neb. 37, 662 N.W.2d 606 (2003).

Reading the reasonable doubt instruction given by the county court as a whole, we do not find the instruction to be unfair or misleading. Although we do not necessarily find the addition of the words "once convinced" to be an improvement to the language of the pattern instruction, the addition does not meaningfully change the instruction, nor does it lower the standard of proof. The instructions given by the county court make clear that the State is held to a standard of proof beyond a reasonable doubt, and the instruction at issue does not lower the standard of proof because the instruction defines "reasonable doubt" and does not impose a different standard of proof. The reasonable doubt instruction was not prejudicial to Fischer and does not require reversal of his conviction. We reject Fischer's third assignment of error.

## CONCLUSION

We conclude that the statements contained in exhibit 11 which certified the concentration of the simulator solution were nontestimonial and that therefore, the admission of exhibit 11 was not subject to further Confrontation Clause analysis and did not violate Fischer's rights under the Confrontation Clause. We further conclude that the reasonable doubt instruction given by

the county court was not prejudicial to Fischer and therefore did not constitute error. We therefore reject Fischer's assignments of error and affirm the district court's affirmance of Fischer's county court conviction and sentence.

AFFIRMED.