774 N.W.2d 775 (2009)
18 Neb. App. 104
STATE of Nebraska, Appellee,
v.
Roy RODRIGUEZ, Appellant.
No. A-09-314.
Court of Appeals of Nebraska.
November 3, 2009.
*777 Dennis R. Keefe, Lancaster County Public Defender, and Andrew D. Weeks, Norfolk, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
IRWIN, SIEVERS, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
In this appeal from a conviction for driving under the influence of alcohol (DUI), Roy Rodriguez asserts that a Breathalyzer-generated breath test result should not have been admissible because it was not immediately recorded on the prescribed form. We conclude that because this was an error of "technique" but not of "method," the county court did not abuse its discretion in admitting the evidence. For this reason, the county court did not err in instructing the jury on a theory of DUI based on breath test results. We therefore affirm the judgment of the district court, which affirmed the county court's judgment.

BACKGROUND
On November 15, 2007, Rodriguez was involved in an accident with another vehicle while he was trying to pull out of a gas station. After arriving at the scene, Lincoln police officer David A. Lopez noticed that Rodriguez appeared to be under the influence of an alcoholic beverage. Lopez smelled a "moderate odor" on Rodriguez; noted that he had "bloodshot, watery eyes [and] slurred speech"; and observed that he swayed and stumbled while walking. Lopez then administered a number of sobriety tests in which Rodriguez performed poorly. Subsequently, Lopez transported Rodriguez to a detoxification facility where Lopez administered an Intoxilyzer Model 5000 breath testa test which Lopez had a valid permit to administer. The test record card printed by the breath test machine showed that Rodriguez had a breath alcohol level of ".114." The test record card indicated the date of the test, the testing machine's serial number, Rodriguez' name, Lopez' name, the test result, and additional information. However, Lopez failed to record the test result on "Attachment 15," which is entitled the "INTOXILYZER MODEL 5000 Checklist Technique."
Rodriguez was subsequently charged in county court with third-offense DUI and with driving while his license was suspended. Rodriguez moved to suppress the evidence of the breath test result on the ground that it was not recorded on Attachment 15. The county court overruled this motion. At a jury trial, Lopez testified that he had checked off and completed all the steps contained in Attachment 15 while administering the breath test with the exception that he had failed to record the test result in the appropriate blank on Attachment 15. At the State's direction and in front of the jury, Lopez filled in the blank on the checklist for the test result with the information from the test record card printed by the breath test machine. Both Attachment 15 and the printed test record card were received into evidence. The test record card received in evidence set forth the test result as ".114," and after Lopez filled in the blank in the presence of the jury, Attachment 15 stated the test result as "0.114." At the conclusion of the evidence, the jury found Rodriguez guilty of both charges. The county court later sentenced Rodriguez. Rodriguez then appealed to the district court, which affirmed both convictions.
Rodriguez now timely appeals to this court. Pursuant to authority granted to this court under Neb. Ct. R.App. P. § 2-111(B)(1) *778 (rev.2008), this case was ordered submitted without oral argument.

ASSIGNMENTS OF ERROR
Rodriguez assigns, reordered and restated, that the district court erred in finding that the county court did not abuse its discretion in (1) receiving Attachment 15 and the breath test record card as exhibits, (2) allowing Lopez to fill in Attachment 15 at the time of trial even though Lopez stated that he had no recollection of the breath test machine's digital readout, and (3) instructing the jury on the "per se" theory of DUI. In this appeal, Rodriguez does not raise any issue relating to the conviction for driving with a suspended license, and thus, we mention it no further.

STANDARD OF REVIEW
Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. State v. Floyd, 277 Neb. 502, 763 N.W.2d 91 (2009).
Whether jury instructions given by a trial court are correct is a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. State v. Fischer, 272 Neb. 963, 726 N.W.2d 176 (2007).

ANALYSIS

Admissibility of Attachment 15 and Test Card.
Rodriguez argues that Attachment 15 and the test record card from the breath test machine are not admissible as evidence of the breath test result for two reasons. First, he asserts that a digital reading generated on the machine at the time of the test, as opposed to the test card printout, is the actual breath test result. He argues that because Lopez cannot recall and did not record this digital reading, there is no admissible breath test result.
We find nothing in the statutes or regulations governing breath test results that would support this argument. Rodriguez does not identify, nor can we find, any regulation requiring the testing officer to observe the digital reading on the evidentiary breath testing device as the source of the data to be recorded on the checklist.
The regulations only inferentially address the acts of observing and recording the test result. For evidentiary breath testing devices, the regulations contemplate a printed test record card and declare the completed checklist as the official record of the breath test. However, the regulations do not prescribe how the testing officer is to observe the test result, nor the process of transferring the information to the completed checklist. A "record card" is defined as "the card or tape printed by an evidentiary breath testing device." 177 Neb. Admin. Code, ch. 1, § 001.18 (2004). "The printing of a test record card indicates that the prescribed program of the evidentiary breath testing device has been completed." 177 Neb. Admin. Code, ch. 1, § 002.01D (2004). Section 002.01C declares that the "completed checklist .. . shall be the official record of breath test results." 177 Neb. Admin. Code, ch. 1, § 002.01C (2004). From these regulations, we infer that the officer may observe the result printed on the record card and must record the result on the checklist.
This inference is supported by the different treatment under the regulations afforded to preliminary breath testing devices. Under § 002.01D1, preliminary breath testing devices are not required to produce a printed test record and "the *779 results of a preliminary breath test may be reported as a digital readout or as a pass or fail." 177 Neb. Admin. Code, ch. 1, § 002.01D1 (2004). It follows that because the regulations require the printing of a test record card for an evidentiary breath testing device but not for a preliminary breath testing device, the printed result shown on the record card of the evidentiary breath testing device may be recorded on the checklist as the official record of the breath test result.
The second ground on which Rodriguez asserts that the evidence was inadmissible is that it was not the "official record" of the breath test. We take this as an argument that the State failed to establish sufficient foundation for these exhibits to be admitted into evidence.
There are four foundational elements the State must establish for admissibility of a breath test in a DUI prosecution: (1) that the testing device was working properly at the time of the testing, (2) that the person administering the test was qualified and held a valid permit, (3) that the test was properly conducted under the methods stated by the Department of Health and Human Services Regulation and Licensure, and (4) that all other statutes were satisfied. State v. Kuhl, 276 Neb. 497, 755 N.W.2d 389 (2008).
Rodriguez argues only that the State failed to prove the third foundational requirement because, he claims, the test did not comply with the rules as set forth in the Nebraska Administrative Code. More specifically, he argues that the Nebraska Administrative Code requires that in order for the breath test result to be valid, it had to be recorded on Attachment 15 at the time the test was administered, which Lopez did not do.
The regulations provide no support for this argument. No regulation specifies the time at which breath test results must be recorded. Rodriguez relies on § 002.01C, which states: "The completed checklist as found in these rules and regulations shall be the official record of breath test results." But § 002.01C does not speak to the question of timing.
The State's response to Rodriguez' argument alleges that Lopez' recordkeeping is merely a question of "`technique'" rather than one of "`method.'" Brief for appellee at 8. The failure to perform a test using the prescribed methods makes the test result inadmissible. See State v. Kubik, 235 Neb. 612, 456 N.W.2d 487 (1990). In contrast, deficiencies in the techniques used to test the blood or breath alcohol level in DUI cases generally are of no foundational consequence, but affect only the weight and credibility of the testimony. See State v. Trampe, 12 Neb.App. 139, 668 N.W.2d 281 (2003). See, also, State v. Green, 223 Neb. 338, 389 N.W.2d 557 (1986).
Under the Nebraska Administrative Code, a "[m]ethod" is specifically defined as "the name of the principle of analysis" and "[t]he method may be a laboratory method." 177 Neb. Admin. Code, ch. 1, § 001.16 (2004). "Technique" is defined as "a set of written instructions which describe the procedure, equipment, and equipment preventive maintenance necessary to obtain an accurate alcohol content test result." 177 Neb. Admin. Code, ch. 1, § 001.21 (2004). While numerous cases discuss the distinction between method and technique, none have arisen in the precise context before us. See, State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008) (failure to comply with regulations governing verification of repair records not method); State v. Kubik, supra (delay between driving and testing goes to weight *780 but not admissibility of evidence); State v. Green, supra.
We conclude that the checklist is a technique because the Nebraska Administrative Code treats it as such and it is unrelated to the actual scientific process in which breath test results are determined. The Nebraska Administrative Code specifically refers to Attachment 15 as a "[c]hecklist technique." 177 Neb. Admin. Code, ch. 1, § 008.01D (2004). Further, Attachment 15 is not the scientific process in which the breath test sample is actually analyzed; it merely provides the officer with "written instructions" which describe the applicable "procedure." See § 001.21. Therefore, we conclude that the county court did not abuse its discretion in admitting Attachment 15 and the breath test record card into evidence and that Lopez' deficiency in filling out Attachment 15 merely goes to the credibility and weight of the breath test result as opposed to its admissibility.
We also reject Rodriguez' argument that the breath test is not valid because at trial, Lopez did not personally remember the result displayed on the machine even though he had the test record card before him. This is not of consequence, because the test record card contains the result actually generated by the breath test equipment.

Writing of Test Result on Attachment 15 at Trial.
Rodriguez argues that Lopez should not have been able to record the breath test result on Attachment 15 at trial for much the same reasons that he argued that both Attachment 15 and the breath test record card were not admissible. We conclude that this was not a prejudicial error. First, the fact that the breath test result was not recorded on Attachment 15 until the time of trial had no effect on the admissibility of the breath test result, as we have discussed above. Second, the time at which the test result was recorded on Attachment 15 was not misrepresented to the jury. It was made clear to the jury that the breath test result was not recorded on Attachment 15 until the time of trial. Because Attachment 15 was completed in the presence of the jurors, they could readily determine what portion of Attachment 15 was completed at that time. Additionally, it was apparent from the face of Attachment 15 which information Lopez had subsequently added. The Attachment 15 that was received into evidence was a copy of an original, and all of Lopez' previous writing appeared in black. However, the result from the breath test record card was printed in blue ink. Thus, Lopez' subsequent recording of the breath test result was not misleading.

Jury Instructions.
Rodriguez asserts that the county court erred in instructing the jury on the "per se" theory of DUI. Briefly summarized, Rodriguez' argument is that the court abused its discretion in instructing the jury that the State could prove the under the influence element of DUI by showing that Rodriguez had a breath alcohol concentration in excess of the legal limit. Rodriguez argues that the evidence was not sufficient to justify this instruction because the breath test result was not admissible. However, we have already determined that the breath test result was admissible. Thus, the evidence warranted giving the instruction. Whether requested to do so or not, a trial court has the duty to instruct the jury on issues presented by the pleadings and the evidence. State v. Weaver, 267 Neb. 826, 677 N.W.2d 502 (2004).

*781 CONCLUSION
Because the county court did not abuse its discretion in admitting the breath test result into evidence and did not err in instructing the jury on a theory of DUI based on breath test results, we affirm the district court's judgment affirming Rodriguez' DUI conviction.
AFFIRMED.