Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/13/2018 09:12 AM CST

State of Nebraska, appellee, v.
Justin Lindberg, appellant.
___ N.W.2d ___

Filed February 6, 2018.    No. A-17-154.

1. **Rules of Evidence: Hearsay: Appeal and Error.** An appellate court
   reviews for clear error the trial court's factual findings underpinning the
   excited utterance hearsay exception, resolving evidentiary conflicts in
   favor of the successful party, who is entitled to every reasonable infer-
   ence deducible from the evidence.
2. ____: ____: ____. An appellate court reviews de novo the trial court's
   ultimate determination to admit evidence over a hearsay objection or
   exclude evidence on hearsay grounds.
3. **Constitutional Law: Witnesses: Appeal and Error.** An appellate
   court reviews de novo a trial court's determination of the protections
   afforded by the Confrontation Clause of the Sixth Amendment to the
   U.S. Constitution and article I, § 11, of the Nebraska Constitution and
   reviews the underlying factual determinations for clear error.
4. **Trial: Testimony: Appeal and Error.** When an objection has been
   made once to the admission of testimony and overruled by the court, it
   shall be unnecessary to repeat the same objection to further testimony of
   the same nature by the same witness in order to save the error, if any, in
   the ruling of the court whereby such testimony was received.
5. **Rules of Evidence: Hearsay: Words and Phrases.** Hearsay is a state-
   ment, other than one made by the declarant while testifying at the trial
   or hearing, offered in evidence to prove the truth of the matter asserted.
6. **Rules of Evidence: Hearsay.** A hearsay statement may be admissible if
   it qualifies as an excited utterance. An excited utterance is a statement
   relating to a startling event or condition made while the declarant was
   under the stress of excitement caused by the event or condition.
7. ____: ____. For a statement to qualify as an excited utterance, the
   following criteria must be established: (1) There must have been a
   startling event, (2) the statement must relate to the event, and (3) the

statement must have been made by the declarant while under the stress of the event.

8. ____: ____. The underlying theory of the excited utterance exception is that circumstances may produce a condition of excitement which temporarily stills the capacity for reflection and produces utterances free of conscious fabrication.

9. **Constitutional Law: Criminal Law: Witnesses.** The Confrontation Clause of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution provide for the accused in a criminal prosecution to be confronted with the witnesses against him.

10. **Constitutional Law: Trial: Hearsay.** Where testimonial statements are at issue, the Confrontation Clause demands that such hearsay statements be admitted at trial only if the declarant is unavailable and there has been a prior opportunity for cross-examination.

11. ____: ____: ____. If statements offered at trial are nontestimonial, then no further Confrontation Clause analysis is required.

12. **Constitutional Law: Hearsay.** The initial step in determining whether there has been a Confrontation Clause violation usually involves a determination of whether the statements at issue are testimonial in nature.

13. **Constitutional Law: Trial: Witnesses.** The purpose of the Confrontation Clause is to allow an accused the opportunity to personally examine the witness and give him or her the opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jurors in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

14. ____: ____: ____. The Confrontation Clause is not violated by admitting a declarant's out-of-court statements so long as the declarant testifies as a witness and is subject to full and effective cross-examination.

Appeal from the District Court for Hall County, Teresa K. Luther, Judge, on appeal thereto from the County Court for Hall County, Philip M. Martin, Jr., Judge. Judgment of District Court affirmed.

Robert W. Alexander, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

Pirtle, Riedmann, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Following a bench trial, Justin Lindberg was found guilty of domestic assault, third degree. The county court for Hall County sentenced him to 183 days' imprisonment. On appeal, the district court affirmed the county court's ruling. Lindberg now appeals his conviction to this court. Following our review of the record, we affirm.

## BACKGROUND

In September 2015, the State of Nebraska filed a complaint charging Lindberg with domestic assault, third degree, in violation of Neb. Rev. Stat. § 28-323(1)(a) or (b) (Reissue 2016), a class I misdemeanor. The alleged victim was Lindberg's wife, M.L.

The county court held trial in February 2016. The State subpoenaed M.L. to testify but did not call her as a witness. The State's sole witness at trial was Aaron Kleensang, a deputy with the Hall County Sheriff's Department. Kleensang testified that on the night of the incident, he was dispatched to an apartment complex. Upon his arrival, he observed a male and female, later identified as Lindberg and M.L., standing outside in close proximity to one another. Kleensang stated that he immediately made contact with the female and separated the parties in order to check on her well-being. He testified that M.L. was "visibly shaking and crying. She was very upset at the time." Kleensang also observed what appeared to be several injuries to M.L.'s person. He initially spoke with M.L. outside the residence, and after he "started getting a better account of events, she took [him] inside the residence and explained further to greater detail of what had occurred."

On direct examination, the State asked Kleensang what M.L. informed him happened that evening. Lindberg objected on hearsay and confrontation grounds, arguing that M.L. was present in court and therefore not unavailable. The county

court overruled Lindberg's objection, finding that her statement to Kleensang was an excited utterance. Kleensang then testified that M.L. reported that she had been in a fight with her husband, Lindberg. Over Lindberg's continuing objection on confrontation grounds, Kleensang stated that M.L. advised that an argument turned physical inside their residence. M.L. said that Lindberg hit her across the left side of her face, which resulted in injury and caused her to fall to the ground. M.L. stated that once she was on the ground, Lindberg got on top of her and "banged her head into the floor" approximately 15 times before she was able to get back on her feet. Kleensang testified that the injuries he observed on M.L.'s person were consistent with her description of the assault, including a red mark on the left side of her face, an abrasion on her left hand, and an abrasion on her knee. The court admitted photographs of these injuries into evidence.

After the State rested, Lindberg called M.L. to testify on his behalf. She was his only witness. She testified that she suffers from vertigo, which was triggered on the night of the incident by stress and an argument with Lindberg. M.L. testified that her dizziness caused her to trip over a stool in their residence and land on the left side of her face. She stated that she did not tell Kleensang that Lindberg struck or threatened her and that her injuries were sustained in the fall. M.L. admitted that she was upset and crying when law enforcement arrived, but testified that she was upset due to her injuries from tripping over the stool and that "[n]othing happened" with Lindberg on that night.

On rebuttal, the State recalled Kleensang, who testified that M.L. did not report that she had tripped and fallen and that she had told him that Lindberg struck her.

The county court found Lindberg guilty of domestic assault, third degree, and sentenced him to 183 days' imprisonment.

Lindberg appealed his conviction to the district court for Hall County. He assigned as error the county court's decision to overrule his objection to Kleensang's testimony as to M.L.'s

statements on confrontation grounds, the failure to find that M.L. was unavailable as a witness, and the finding that M.L.'s statements to Kleensang fell within the excited utterance hearsay exception.

The district court held a hearing on Lindberg's appeal in January 2017. The court affirmed Lindberg's conviction, finding that M.L.'s statements qualified as excited utterances and were properly admitted at trial. Lindberg now appeals.

## ASSIGNMENTS OF ERROR

Lindberg assigns, restated and reordered, that the district court erred in (1) finding that M.L.'s statements to law enforcement constituted excited utterances and (2) finding that Kleensang's testimony as to M.L.'s statements did not violate Lindberg's Sixth Amendment right to confrontation.

## STANDARD OF REVIEW

[1,2] We review for clear error the trial court's factual findings underpinning the excited utterance hearsay exception, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *State v. Pullens*, 281 Neb. 828, 800 N.W.2d 202 (2011). We review de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds. *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

[3] An appellate court reviews de novo a trial court's determination of the protections afforded by the Confrontation Clause of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution and reviews the underlying factual determinations for clear error. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

## ANALYSIS

*Excited Utterances.*

Lindberg argues that the district court erred in finding that M.L.'s statements to law enforcement constituted excited

utterances and were thus admissible as exceptions to the rule prohibiting hearsay. He claims that the State did not lay sufficient foundation for M.L.'s statements to be considered excited utterances. Lindberg argues that M.L. admitted to being stressed on the day of the incident but such stress was not caused by a startling event. He further claims that her statements included fabrications, which indicated that she had the time and capacity to reflect and construct a response. We disagree.

[4] Before we turn to the merits of this assigned error, we note that the State asserts that because Lindberg did not make a continuing objection to Kleensang's testimony on hearsay grounds, he has only properly preserved his hearsay objection to the first question during Kleensang's testimony regarding M.L.'s statements. However, Neb. Rev. Stat. § 25-1141 (Reissue 2016) provides that when an objection has been made once "to the admission of testimony and overruled by the court it shall be unnecessary to repeat the same objection to further testimony of the same nature by the same witness in order to save the error, if any, in the ruling of the court whereby such testimony was received." Because Lindberg's objection related to testimony by only one witness, Kleensang, and Kleensang's testimony was of the same nature as the question to which Lindberg did object, we find that Lindberg was not required to make a continuing objection in order to preserve this issue for appeal. See *State v. Kirksey*, 254 Neb. 162, 575 N.W.2d 377 (1998) (applying § 25-1141 to criminal prosecution).

[5] Neb. Rev. Stat. § 27-801(3) (Reissue 2016) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, that is offered in evidence to prove the truth of the matter asserted. Hearsay is not admissible except as provided for by the rules of evidence or by other rules adopted by the statutes of the State of Nebraska or by the discovery rules of the Nebraska Supreme Court. *State v. Smith*, 286 Neb. 856, 839 N.W.2d 333 (2013).

[6,7] A hearsay statement may be admissible if it qualifies as an excited utterance. *Id*. An excited utterance is a

"statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Neb. Rev. Stat. § 27-803(1) (Reissue 2016). For a statement to qualify as an excited utterance, the following criteria must be established: (1) There must have been a startling event, (2) the statement must relate to the event, and (3) the statement must have been made by the declarant while under the stress of the event. *State v. Smith, supra*. The key requirement is spontaneity, which requires a showing that the statement was made without time for conscious reflection. See *id*.

[8] The underlying theory of the excited utterance exception is that circumstances may produce a condition of excitement which temporarily stills the capacity for reflection and produces utterances free of conscious fabrication. *Id*. The true test in spontaneous exclamations is not when the exclamation was made, but whether under all the circumstances of the particular exclamation the speaker may be considered as speaking under the stress of nervous excitement and shock produced by the act in issue. *Id*. Statements need not be made contemporaneously with the exciting cause but may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated. *State v. Hembertt*, 269 Neb. 840, 696 N.W.2d 473 (2005).

At trial, Kleensang testified that he was dispatched to the apartment complex at approximately 10:30 p.m. and that upon his arrival, he saw Lindberg and M.L. standing in close proximity outside the residence. He observed that M.L. was "visibly shaking and crying." He testified that during his interaction with M.L., she was "very upset at the time." Kleensang also observed physical injuries to M.L.'s person. While there was no exact timeframe established at trial, Kleensang testified that upon his arrival, he "made immediate contact" with M.L. and separated her from Lindberg.

Kleensang testified that M.L. told him that she had been in a fight with Lindberg. He stated that M.L. reported that an

argument with Lindberg became physical inside their residence and that Lindberg hit her across the left side of her face, causing injury. M.L. said that she fell to the ground when Lindberg struck her in the face and that Lindberg then "repeatedly banged her head into the floor." Kleensang testified that he observed redness on the left side of M.L.'s face, which was consistent with her report that Lindberg hit her in that area. Kleensang also observed an abrasion on M.L.'s left hand that he opined may have been a defensive wound. Photographs of both of these injuries, as well as an abrasion on M.L.'s knee, were admitted at trial.

We find that the record before us establishes the existence of a startling event—Lindberg's assault on M.L., which included striking her in the face and repeatedly banging her head into the floor. The occurrence of such an event was corroborated by the physical injuries to M.L.'s person that Kleensang observed.

M.L.'s statements to Kleensang clearly related to this event as they described how the assault had occurred. We find that M.L. was still under the stress of the nervous excitement and shock of the assault when she made these statements. Kleensang testified that he immediately made contact with M.L. upon his arrival at the residence and that she was visibly shaking and crying and was very upset during his interaction with her. Her demeanor indicates that M.L. was still under the stress of the startling event at the time that she spoke with Kleensang. Accordingly, we find that the district court did not err in finding that M.L.'s statements to Kleensang constituted excited utterances and were therefore admissible through Kleensang's testimony at trial. We therefore find no merit to Lindberg's first assignment of error.

*Confrontation Clause.*

Lindberg argues that M.L.'s statements to Kleensang were testimonial and therefore subject to the Confrontation Clause. He claims that M.L. was available to testify for the State

and that he had not previously had the opportunity to cross-examine her. Lindberg argues that the district court therefore erred in finding that Kleensang's testimony as to M.L.'s statements did not violate his right to confrontation. We disagree.

[9] The Confrontation Clause of the Sixth Amendment to the U.S. Constitution provides, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Article I, § 11, of the Nebraska Constitution provides, "In all criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . . ." The Nebraska Supreme Court has held that the analysis is the same under both the federal and state constitutions. *State v. Smith*, 286 Neb. 856, 839 N.W.2d 333 (2013).

[10-12] Where testimonial statements are at issue, the Confrontation Clause demands that such hearsay statements be admitted at trial only if the declarant is unavailable and there has been a prior opportunity for cross-examination. *State v. Vaught*, 268 Neb. 316, 682 N.W.2d 284 (2004). If the statements are nontestimonial, then no further Confrontation Clause analysis is required. *State v. Fischer*, 272 Neb. 963, 726 N.W.2d 176 (2007). Accordingly, the initial step in determining whether there has been a Confrontation Clause violation usually involves a determination of whether the statements at issue are testimonial in nature. See *id*. However, the State does not argue that M.L.'s statements to Kleensang are nontestimonial; rather, the State argues that even if the statements are testimonial, Lindberg waived any objection he had to such testimony on Confrontation Clause grounds by calling M.L. to testify at trial. We agree.

[13] The purpose of the Confrontation Clause is to allow an accused the opportunity to personally examine the witness and give him or her the

> "'opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jur[ors] in order that

they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' . . ." *California v. Green*, 399 U.S. 149, 157-58, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970), quoting *Mattox v. United States*, 156 U.S. 237, 15 S. Ct. 337, 39 L. Ed. 409 (1895). Indeed, the U.S. Supreme Court has found that confrontation serves three purposes: (1) it ensures that the witness will give his statements under oath, thus impressing upon him the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) it forces the witness to submit to cross-examination, the "'greatest legal engine ever invented for the discovery of truth'"; and (3) it permits the jury that is to decide the defendant's fate to observe the demeanor of the witness making his statement, which aids the jury in assessing his credibility. *California v. Green*, 399 U.S. at 158.

[14] The U.S. Supreme Court has applied this logic to find that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements so long as the declarant testifies as a witness and is subject to full and effective cross-examination. *California v. Green, supra*. By testifying at trial, the three purposes of the Confrontation Clause are satisfied: the declarant testifies under oath, which guards against untrue statements; the declarant subjects himself or herself to cross-examination regarding his or her statements; and the jury is able to assess the demeanor of the declarant and determine whether it finds him or her to be credible. Indeed, the Supreme Court has held that "so long as the declarant is present at trial to defend or explain" his or her statement, the Confrontation Clause does not bar admission of such statement. *Crawford v. Washington*, 541 U.S. 36, 59-60 n.9, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). See, also, *State v. Smith*, 286 Neb. 856, 839 N.W.2d 333 (2013). While *Crawford v. Washington, supra*, affected the application of the Confrontation Clause to situations in which the declarant was unavailable at trial, it did nothing to vitiate the principles established in

*California v. Green, supra*, concerning declarants who do testify at trial. *People v. Argomaniz-Ramirez*, 102 P.3d 1015 (Colo. 2004).

In this case, the record shows that the State did subpoena M.L. to testify at trial but did not call her as a witness. However, after the State rested, Lindberg called M.L. on his behalf, and she subsequently testified as to the incident in question as well as her statements to Kleensang. In her testimony, M.L. recanted the statement she initially made to Kleensang and said that her injuries were caused by tripping and falling over a stool. M.L. specifically testified about the statements that she made to Kleensang, claiming that she advised him that she had tripped while feeling dizzy. She denied telling Kleensang that Lindberg assaulted her.

By calling M.L. as a witness on his behalf, Lindberg had the opportunity to examine her under oath and the jury was able to assess her demeanor and credibility as a witness. Furthermore, Lindberg specifically questioned M.L. about the statement that Kleensang testified she had made to him on the night of the incident. M.L. gave a different version of events, in which she claimed that she did not tell Kleensang that Lindberg had assaulted her. Presented with the testimony of both Kleensang and M.L., the fact finder could then determine whose testimony it found to be credible. Based on M.L.'s testimony as a witness, we find that Lindberg had a sufficient opportunity to examine her regarding her statement as testified to by Kleensang and that she was able to defend or explain such statement.

We acknowledge that in cases of this nature, the declarant who testifies at trial typically is called by the State. However, the relevant case law does not differentiate between whether the declarant testifies for the State or for the defendant; rather, the case law simply focuses on the fact that the declarant does testify at trial. See, *California v. Green*, 399 U.S. 149, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970); *State v. Smith, supra*; *State v. Holliday*, 745 N.W.2d 556 (Minn. 2008). Here, it is clear

that M.L. was present and did testify at trial. Because M.L. did testify at trial, we find no violation of the Confrontation Clause in the county court's admission of her statements through Kleensang's testimony regardless of whether such statements were testimonial.

## CONCLUSION

Following our review of the record, we find Lindberg's assignments of error to be without merit and therefore affirm.

AFFIRMED.