(829 P.2d 925)

No. 66,568

STATE OF KANSAS, *Appellee*, v. MICHAEL H. SHUSTER, *Appellant*.

Opinion filed April 17, 1992.

*Elizabeth Sterns*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Darrell L. Smith*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: Michael Shuster appeals the imposition of an $800 fine, exceeding the statutory mandatory minimum of $500, following a guilty plea to driving while under the influence. K.S.A. 8-1567.

We vacate the fine and remand.

The facts are essentially undisputed. At the time defendant pled guilty, it was believed to have been his third offense. In return for the guilty plea, the State agreed to recommend the minimum fine for a third conviction ($1,000).

At sentencing, since one prior conviction was more than five years old, for sentencing purposes, the current offense was deemed defendant's second conviction. The trial court sentenced defendant to 180 days in the Johnson County jail and assessed an $800 fine. Neither at the sentencing hearing nor in the journal entry did the trial court expressly discuss the factors of K.S.A. 21-4607 necessary for imposing a fine in addition to incarceration.

K.S.A. 21-4607(2) addresses whether a fine can be imposed in addition to incarceration. It reads:

"(2) The court shall not sentence a defendant to pay a fine in addition to a sentence of imprisonment, probation or assignment to a community correctional services program unless:

"(a) The defendant has derived a pecuniary gain from the crime; or

"(b) the court is of the opinion that a fine is adapted to deterrence of the crime involved or to the correction of the offender."

If a fine is to be imposed, 21-4607(3) requires further findings by the trial court:

"(3) In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose."

*State v. McGlothlin,* 242 Kan. 437, 440, 747 P.2d 1335 (1988), held that a trial judge must state on the record that he or she has taken into account the financial resources of the defendant and the burden that the fine will impose.

K.S.A. 21-4607 uses the term "fine" without making any distinction between discretionary and mandatory fines. Discretionary fines, such as are authorized by K.S.A. 1991 Supp. 21-4503, are fines with set limits that a court "may" impose in addition to or instead of incarceration for felonies or misdemeanors. Mandatory fines, such as the fines for driving while under the influence in violation of K.S.A. 8-1567, are fines that are mandatory which "shall" be imposed along with set ranges of confinement.

We hold the trial court abused its discretion when it fined defendant more than the minimum fine of $500 because it failed to consider the factors of K.S.A. 21-4607. Previously, we have applied K.S.A. 21-4607(3) to vacate a fine that was the maximum amount authorized by K.S.A. 19-2912. In *State v. Scherer,* 11 Kan. App. 2d 362, Syl. ¶ 7, 721 P.2d 743, *rev. denied* 240 Kan. 806 (1986), the fact the fine imposed was within the statutory limits did not relieve the trial court of its obligation to consider K.S.A. 21-4607(3).

In light of the preference for invoking K.S.A. 21-4607 in cases involving the discretionary imposition of fines, the trial judge in this case was obligated to consider the 21-4607 criteria because he imposed a fine exceeding the minimum required by statute.

In the present case, the trial judge exercised discretion in imposing an additional $300 fine above the statutory mandatory minimum. If the judge, in his or her discretion, imposes a fine exceeding the mandatory minimum, the K.S.A. 21-4607 criteria must be taken into consideration.

The record in this case reveals that the judge never expressly considered defendant's financial resources or the nature of the burden the $800 would impose. At the sentencing hearing, the judge assessed the fine without elaboration. This violates 21-4607(3) because the trial judge did not make the appropriate statements on the record. *McGlothin*, 242 Kan. at 441.

The fine is vacated and the case is remanded for resentencing.