(886 P.2d 901)
No. 70,623

CITY OF DODGE CITY, *Appellee*, v. MARK ANDERSON, *Appellant.*

Opinion filed December 16, 1994.

*Barry K. Gunderson*, of Dodge City, for the appellant.

*Terry J. Malone*, city attorney, for the appellee.

Before LEWIS, P.J., PIERRON, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

LYLE, J.: Mark Anderson appeals from a decision of the district court finding him guilty of driving while under the influence. He argues that the district court abused its discretion in fining him more than the minimum amount, ordering him to reimburse the City of Dodge City and the State of Kansas for money spent in his defense, and denying his motion for a new trial.

The facts of this case are irrelevant to the issues presented and will not be repeated in this opinion.

The first issue Anderson raises is whether the district court abused its discretion in assessing more than the minimum fines for his offenses. According to Anderson, the district court failed

to take into account Anderson's financial resources or the burden that the fines would place on him.

Generally, a sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. Turner*, 252 Kan. 666, 668, 847 P.2d 1286 (1993). However, K.S.A. 21-4607(3) provides that in determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden the fine imposes. In *State v. Scherer*, 11 Kan. App. 2d 362, 370-372, 721 P.2d 743, *rev. denied* 240 Kan. 806 (1986), this court found an abuse of discretion when the district court did not consider the ability of the defendant to pay when levying a fine. See *State v. Shuster*, 17 Kan. App. 2d 8, 10, 829 P.2d 925 (1992).

The State argues that 21-4607 is inapplicable to this case because Anderson was convicted of a violation of a municipal ordinance rather than a state statute. However, in *Scherer*, the fine was also levied for a violation of a municipal ordinance. 11 Kan. App. 2d at 368. Furthermore, the municipal ordinance in question mirrors K.S.A. 1990 Supp. 8-1567. Therefore, this argument is without merit.

The question thus becomes whether the district court considered Anderson's financial resources and the burden the fine would impose. The district court did ask if Anderson was employed. However, the court made no further inquiry into Anderson's financial status but instead simply imposed the same fine the municipal court had earlier handed down. The court's failure to consider the factors mandated by K.S.A. 21-4607 constitutes an abuse of discretion, the fine is vacated, and the matter is remanded for reconsideration of the issue in light of Anderson's financial status.

Anderson, an indigent defendant, was represented by a court-appointed attorney. He argues that the district court erred in ordering him to repay the City and the State of Kansas for money spent on his defense. He argues that the court had no jurisdiction to impose such a sentence and, therefore, the sentence is illegal.

This question involves the interpretation of several statutes. The interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

K.S.A. 1993 Supp. 21-4610(c) authorizes the district court to require a defendant to reimburse the state general fund for expenditures by the State Board of Indigents' Defense Services on a defendant's behalf *as a condition of probation.* However, K.S.A. 12-4509 does not provide such an authorization for a municipal court. Further, the district court in this case did not require the repayment of attorney fees as a condition of probation but rather simply ordered Anderson to pay the fees in addition to the fine.

It has been stated that a district court judge hearing a case on appeal from a municipal court sits as a municipal court judge. *City of Overland Park v. Estell & McDiffett*, 225 Kan. 599, 603, 592 P.2d 909 (1979). If a municipal court has no authority to order the repayment of the attorney fees, neither does the district court on an appeal of this nature.

The State argues that the attorney fees were properly awarded as an element of costs. K.S.A. 22-3611 provides that if on appeal to the district court the defendant is convicted, the district court shall impose sentence and render judgment against the defendant for all costs in the case, both in the district court and the court appealed from. However, there is a question whether attorney fees for indigent defendants qualify as costs.

Criminal statutes are required to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). Generally, when attorney fees are to be included as part of costs, the statute authorizing recovery of costs explicitly includes them. See, *e.g.*, K.S.A. 1993 Supp. 61-2709(a) (stating that if an appeal is taken to the district court from the small claims court and is determined adversely to the appellant, "the court shall award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal"); K.S.A. 1993 Supp. 60-1610(b)(4) (providing that costs and attorney fees may be awarded in a divorce action); K.S.A. 1993 Supp. 60-2006(a) (providing that in actions brought for the recovery of damages as a result of negligent operation of a motor vehicle, the

prevailing party "shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of the action"). The fact that the legislature chose not to specifically include attorney fees when referring to costs of the action is an indication that the costs which the defendant is obliged to pay do not include repayment of his attorney fees. This is a matter that needs to be addressed by the legislature. The presiding court *should* be able to assess attorney fees as part of the costs in this action after making the appropriate inquiry into the defendant's ability to pay. The repayment of fees should then become a condition of probation.

Because K.S.A. 22-3611 does not explicitly authorize the recovery of attorney fees as part of the costs of the action, the district court was without statutory authority to require Anderson to pay them.

Finally, Anderson argues that the district court erred in denying his motion for a new trial. He contends that he presented new evidence which showed that Officer Bates could not have had his car in sight at all times and could have missed the real perpetrator getting out of the car.

The granting of a new trial is within the discretion of the district court, and appellate review is limited to whether the district court abused its discretion. See *Taylor v. State*, 251 Kan. 272, 277, 834 P.2d 1325 (1992).

Anderson contends that because the distance between the place where the dumpster was hit and the place where his car ran up onto the curb was actually less than a third of a mile rather than the half-mile as testified to by the State and adopted by the court, Officer Bates could not have turned around and followed the car without losing sight of it briefly. However, Anderson does not explain how that distance relates to the inability of Officer Bates to keep the car in sight. Anderson testified at the trial the patrol car began following his car. Furthermore, the court heard testimony by the officer that he never lost sight of Anderson's car, saw the car run up on the curb, and saw Anderson, and no one else, get out of the car. Based on these facts, the district court did not abuse its discretion in denying the motion for new trial.

Anderson's convictions for driving while under the influence and driving while suspended are affirmed. Those portions of the sentence fining Anderson more than the minimum and requiring him to reimburse the City of Dodge City and the State of Kansas for his attorney fees are vacated, and the case is remanded for the court to appropriately consider Anderson's ability to pay.

Affirmed in part, vacated in part, and remanded.