(174 P.3d 914)
No. 96,563

STATE OF KANSAS, *Appellee*, v. SCOTT A. DUKES, *Appellant*.

Opinion filed January 18, 2008.

*Rick Kittel,* of Kansas Appellate Defender Office, for appellant.

*Jeffrey E. Evans,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before MARQUARDT, P.J., LEBEN, J., and KUNDSON, S.J.

LEBEN, J.: Scott Dukes' conviction for driving under the influence of alcohol was based upon the result of his alcohol breath test, which exceeded the legal limit. Such tests are reliable only if the testing machine is accurate; thus, the State presented evidence at trial that the machine had recently been calibrated and certified. Dukes also was convicted of driving while his license was suspended, a conviction dependent upon proof of the suspension. Dukes contends that proving proper calibration and certification of the machine—and his license suspension—without calling the witnesses who maintained his driving record and handled the calibration and certification process violated his constitutional right

to confront the witnesses against him. Our review shows that most appellate courts have disagreed with Dukes' line of argument, and we do too.

These questions arise under the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), which held that what the Court defined as testimonial hearsay statements generally could not be admitted without a witness to cross-examine based on the right of confrontation guaranteed in criminal trials under the United States Constitution. The Supreme Court further clarified what amounts to testimonial statements in *Davis v. Washington*, 547 U.S. 813, 165 L. Ed. 2d 224, 126 S. Ct. 2266 (2006), but substantial questions still remain about what testimony would trigger the protection of the Confrontation Clause. *See generally State v. Brown*, 285 Kan. 261, 173 P.3d 612 (2007); Wright & Graham, 30A Federal Practice & Procedure: Evidence § 6371.2-6371.3 (Supp. 2007).

Fortunately, the questions before us are narrow ones. We address separately the admission of both the records of the breath-test machine's certification and Dukes' driving record. Dukes' sole argument on appeal is that the admission of this evidence violated his constitutional right to confront the witnesses against him; he has not claimed any other error in the admission of this evidence. For our purposes, we need to determine only whether the statements contained in these exhibits were testimonial under *Crawford*. See *Davis*, 547 U.S. at 823-26 (suggesting that Confrontation Clause requirements apply only to testimonial hearsay statements). In addition to resolving the defendant's objection to the admission of this evidence, we address briefly two issues that both parties agree the district court failed to handle properly at sentencing.

*The Admission without a Foundation Witness of Calibration Records for a Breath-Test Machine Does Not Violate the Confrontation Clause.*

Dukes' breath test was performed on a machine called the Intoxilyzer 5000. Before a person's breath is tested, the machine is first checked using a solution with a known alcohol concentration.

If the machine reading is within a limited range of the value of the known solution, it is considered properly calibrated and may be used. *See Lincoln v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 635, 636-37, 856 P.2d 1357, *rev. denied* 253 Kan. 859 (1993).

The State presented the testimony of Deputy Jeff Bartkoski, the custodian for Intoxilyzer 5000 records at the Sedgwick County Sheriff's office. During his testimony, the State obtained admission—without objection—of a packet containing documents showing that the machine was properly certified, that the officer who tested Dukes was certified to run the machine, and that the standard solution used had the required known value. Verification of the standard solution came from a lab employee who did not testify.

Two procedural hurdles might prevent us from addressing Dukes' objection. First, we held in *Lincoln* that evidence of the standard solution's certification is not required to gain admission of the breath-test result. 18 Kan. App. 2d 635, Syl. ¶ 2. But neither party has cited the *Lincoln* case, and it is not clear to us whether Dukes' challenge is limited just to the single page of the exhibit dealing with the standard solution or whether it also addresses the certification of the machine and its operator. Regardless, evidence of the test result is undoubtedly more persuasive to the jury when accompanied by evidence that all steps toward obtaining an accurate test result were taken—including certification of the solution used to calibrate the machine. For the purposes of this decision, we presume that Dukes is challenging the documents showing the certification of the machine, the machine operator, and the solution, and we will address Dukes' challenge to the admission of those documents. Second, Dukes did not raise these objections at trial, and ordinarily we do not consider objections raised for the first time on appeal. *Brown*, 285 Kan. 261, Syl. ¶ 12. Kansas courts have recognized an exception to this rule when failure to consider the untimely objection might result in a denial of fundamental rights, an exception explicitly applied to allow claims under *Crawford. E.g., Brown*, 285 Kan. 261, Syl. ¶ 13; *State v. Laturner*, 38 Kan. App. 2d 193, 197, 163 P.3d 367 (2007). Because the defendant's objection implicates his fundamental right to confront the

witnesses against him, we will address it even though it was not raised at trial.

We move, then, to the merits of the defendant's objection. We begin by noting that courts in 14 other jurisdictions have held that proof of the breath-test machine's calibration or certification is not testimonial evidence and thus not subject to Confrontation Clause restrictions under *Crawford*. *Abyo v. State*, 166 P.3d 55 (Alaska App. 2007); *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 129 P.3d 471 (Ct. App. 2006); *Rackoff v. State*, 275 Ga. App. 737, 621 S.E.2d 841 (2005); *State v. Marshall*, 114 Hawaii 396, 163 P.3d 199 (Ct. App. 2007), *cert. denied* 2007 WL 4358284, unpublished opinion (Hawaii December 13, 2007); *People v. So Young Kim*, 368 Ill. App. 3d 717, 859 N.E.2d 92 (2006); *Rembusch v. State*, 836 N.E.2d 979 (Ind. App. 2005); *Commonwealth v. Walther*, 189 S.W.3d 570 (Ky. 2006); *State v. Carter*, 326 Mont. 427, 114 P.3d 1001 (2005); *State v. Fischer*, 272 Neb. 963, 726 N.W.2d 176 (2007); *State v. Godshalk*, 381 N.J. Super. 326, 885 A.2d 969 (2005); *Green v. DeMarco*, 11 Misc. 3d 451, 812 N.Y.S.2d 772 (N.Y. Sup. Ct. 2005); *People v. Kanhai*, 8 Misc. 3d 447, 797 N.Y.S.2d 870 (N.Y. City Crim. Ct. 2005); *State v. Shisler*, 2006 WL 2846339, unpublished opinion (Ohio App. October 6, 2006); *State v. Norman*, 203 Or. App. 1, 125 P.3d 15 (2005), *rev. denied* 340 Or. 308 (2006); *Luginbyhl v. Commonwealth*, 46 Va. App. 460, 618 S.E.2d 347 (2005), *aff'd* 48 Va. App. 58, 628 S.E.2d 74 (2006). Similarly, the routine certification of an operator of a breath-test machine is not testimonial and thus not subject to Confrontation Clause restrictions. *Napier v. State*, 827 N.E.2d 565, 569 (Ind. App. 2005), *transfer denied* 841 N.E.2d 178 (Ind. 2005), *cert. denied* 546 U.S. 1215, 164 L. Ed. 2d 134, 126 S. Ct. 1437 (2006); *Luginbyhl*, 46 Va. App. at 468-75.

We have found only one appellate decision to the contrary. *Shiver v. State*, 900 So. 2d 615 (Fla. Dist. App. 2005). Other courts have not found *Shiver* persuasive: all but one of the other cases listed here were decided after *Shiver*.

Courts upholding admission of these records have emphasized that these records are routinely generated to ensure accurate testing on an ongoing basis, not to establish the facts in a specific case.

*E.g., Marshall,* 114 Hawaii at 401; *Bohsancurt,* 212 Ariz. at 186-87. And although they "are prepared in anticipation of criminal litigation in a general sense, . . . they are not prepared in anticipation of litigation in a particular case." *Abyo,* 166 P.3d at 60. These records—in purpose and in generation—are different from ones recording the specific alcohol content of the defendant's breath.

In support of his position, Dukes cited *State v. Caulfield,* 722 N.W.2d 304 (Minn. 2006), in which the Minnesota Supreme Court found that a lab test report identifying a substance as cocaine was testimonial and thus subject to *Crawford.* We recently agreed in *Laturner.* But the drug-test results in *Caulfield* and *Laturner* are equivalent to Dukes' own breath-test result, not to machine certification and calibration records. Those certification and calibration records are different in purpose and in generation from the record of Dukes' specific test result.

Other courts that have approved the admissibility of this evidence have emphasized that the calibration documents were mandated by administrative rules and were created whether the machine was used for a specific test or not. *E.g., Abyo,* 166 P.3d at 59-60; *Bohsancurt,* 212 Ariz. at 187. The same is true here. K.S.A. 8-1020 provides that in administrative proceedings, breath tests may be challenged for failure to substantially comply with procedures set out by the Kansas Department of Health and Environment (KDHE), and K.S.A. 65-1,107 authorizes KDHE regulations for testing human breath for law-enforcement purposes. KDHE regulations provide the required procedures for certification of the machine, its operators, and the test solution used to check its calibration. See K.A.R. 28-32-1. And the calibration solution here was certified by a KDHE employee, not a law-enforcement officer.

The *Crawford* Court noted that business records are not necessarily testimonial. 541 U.S. at 56. We agree with the vast majority of courts that have determined that records showing certification or calibration of breath-test machines and operators are not testimonial and thus not subject to *Crawford's* requirement that a witness be produced for cross-examination.

*The Admission without a Foundation Witness of a Defendant's Driving Record Does Not Violate the Confrontation Clause.*

Fewer courts have addressed whether under *Crawford* a defendant's driving record may be introduced by documents and without a witness to cross-examine. Four jurisdictions have upheld the admission of a driving record through documentary exhibits against a *Crawford* challenge. See *State v. King*, 213 Ariz. 632, 146 P.3d 1274 (Ct. App. 2006), *rev. denied* April 17, 2007; *Card v. State*, 927 So. 2d 200 (Fla. Dist. App. 2006); *State v. Davis*, 211 Or. App. 550, 156 P.3d 93 (2007); *State v. Kirkpatrick*, 160 Wash. 2d 873, 161 P.3d 990 (2007); *State v. Kronich*, 160 Wash. 2d 893, 161 P.3d 982 (2007). But the Iowa Court of Appeals concluded that this would violate *Crawford. State v. Shipley*, 2007 WL 911894, unpublished opinion (Iowa App. March 28, 2007).

We find the proof of a defendant's driving record to be much like the proof of Intoxilyzer certification. So did the Oregon Court of Appeals, which relied on its holding that breath-test certifications were nontestimonial to further determine that driving records were too: "Like Intoxilyzer certificates, and unlike crime lab reports, Oregon driving records are data compilations." *Davis*, 211 Or. App. at 556. The Arizona Court of Appeals also found the situations analogous. *King*, 213 Ariz. at 637-38. The Oregon court noted that driving records are required by law, making their compilation "a ministerial duty having nothing to do with prosecuting a particular individual for criminal activity." 211 Or. App. at 556. And just as Kansas law provided for the certification of breath-test machines whether or not they are used, it too provides for compilation of driving records whether or not they become relevant in a prosecution. K.S.A. 8-249. We find the driving record analogous to the Intoxilyzer-certification documents, and we conclude that the proof of a defendant's driving record is nontestimonial evidence under *Crawford*.

While the Iowa court held that the driving record was testimonial, it did so solely because the record was prepared for introduction in the specific case against the defendant. *Shipley*, 2007 WL 911894, at *6. As our Supreme Court explained in *Brown*, no single

factor is generally determinative on whether evidence is testimonial. 285 Kan. at 291. We do not find this factor significant with respect to the presentation of a person's driving record.

The law requires that this data be compiled over time, and merely pulling the data from the computer system because of an upcoming trial does not change its nature. If this were a critical objection, the State could avoid it by automatically printing out the records of all drivers every day; it would then have an exhibit ready to introduce that was not prepared in anticipation of a specific trial. We do not believe that it makes a difference under *Crawford* whether the State seeks to introduce an exhibit of one page containing only Scott Dukes' driving record rather than introducing an exhibit automatically printed each day or month consisting of hundreds of thousands of pages comprising the driving record of all residents of Sedgwick County. Such is the value of computers—we can limit the information we get to what's relevant to us.

We note that our ruling does not preclude a defendant from issuing a subpoena to gain the attendance of a witness who may be examined regarding any legitimate concerns. We have addressed only the issue before us—whether the presentation of such records without a witness violates *Crawford*. It does not.

*The Fine Imposed on Defendant Must Be Vacated Because the District Court Imposed More than the Minimum Fine without Making the Findings Required by K.S.A. 21-4607.*

Dukes' conviction for driving under the influence of alcohol was his third for that offense. Under K.S.A. 2006 Supp. 8-1567(f), the district court was required to give him both a jail sentence of 90 days to 1 year and a fine of $1,500 to $2,500. The prosecutor at trial mistakenly told the judge at sentencing that the State was recommending "the $2,500 minimum fine." The district judge adopted that fine as part of the sentence.

K.S.A. 21-4607(3) provides that when "determining the amount . . . of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." Our court has held that when a court imposes more than the minimum fine under K.S.A. 8-1567(f), it must

make explicit findings showing that it has considered the burden of the fine given the defendant's financial resources. *State v. Sargent*, No. 95,814, unpublished opinion filed March 23, 2007; *State v. Shuster*, 17 Kan. App. 2d 8, Syl. ¶ 2, 829 P.2d 925 (1992).

The State concedes that the district court did not make any findings here demonstrating that it had complied with the requirement of K.S.A. 21-4607(3). We must therefore vacate the fine and remand for further consideration in compliance with that requirement.

*The Imposition of Attorney Fees to Be Reimbursed by the Defendant Must Be Vacated Because the District Court Failed to Make the Findings Required by K.S.A. 22-4513.*

The district court imposed two other financial obligations on Dukes at sentencing. First, the court required that Dukes reimburse the Board of Indigents' Defense Services $375 in attorney fees for the court-appointed lawyer who represented Dukes. Second, the court required that Dukes pay a $100 application fee for requesting a court-appointed lawyer.

The Supreme Court held in *State v. Robinson* that under K.S.A. 2006 Supp. 22-4513(b) a sentencing court assessing attorney fees must provide an on-the-record consideration of the financial resources of the defendant and the burden of a fee assessment on the defendant. 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006). The State concedes that the district court did not comply with this statute as interpreted in *Robinson*. We must therefore vacate the assessment of attorney fees and remand for further consideration in compliance with that statute and *Robinson*.

The assessment of the application fee presents a different question because K.S.A. 2006 Supp. 22-4529 requires the imposition of that fee absent manifest hardship, for which the district court may waive payment. This court held in *State v. Hawkins*, 37 Kan. App. 2d 195, 200-01, 152 P.3d 85 (2007), *aff'd* 285 Kan. 842, 176 P.3d 174 (2008) that the defendant has the burden to demonstrate hardship. Dukes did not request waiver of the fee, claim hardship, object to assessment of the fee, or present any information about

his financial resources. In these circumstances, the district court's imposition of the application fee was proper.

## Conclusion

The imposition of a $2,500 fine and the assessment of $350 in attorney fees are vacated, and the matter is remanded for further consideration of those matters consistent with this opinion. The judgment of the district court is otherwise affirmed, including the convictions of the defendant for driving under the influence of alcohol and driving with a suspended license.