IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. SERR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
HERBERT E. SERR, APPELLANT.

Filed July 2, 2013.    No. A-12-790.

Appeal from the District Court for Lancaster County: KAREN B. FLOWERS, Judge. Remanded for further proceedings.

Dennis R. Keefe, Lancaster County Public Defender, Scott P. Helvie, and Luke Henderson, Senior Certified Law Student, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Herbert E. Serr appeals his conviction on a charge of driving during revocation, subsequent offense, and the sentence imposed. On appeal, Serr challenges the district court's receipt of various exhibits offered to demonstrate his prior driver's license revocation, the sufficiency of the evidence to support the conviction, and the sentence imposed by the district court. We find no merit to Serr's assertions of reversible error related to the court's admission of evidence, the sufficiency of the evidence, or the sentence imposed. We do find that the sentencing court failed to comply with the statutory mandate of Neb. Rev. Stat. § 60-6,197.01 (Reissue 2010) regarding immobilization of vehicles or ordering of an ignition interlock device, and we remand for further proceedings.

- 1 -

## II. BACKGROUND

The underlying facts surrounding Serr's being stopped by law enforcement are not relevant to the issues raised on appeal and need not be discussed in depth. Serr was stopped in November 2011 for running a red light in Lincoln, Nebraska. That stop led to the present action wherein Serr was charged and convicted of driving during revocation, subsequent offense.

On January 27, 2012, Serr was charged by information with operating a motor vehicle during a period of license revocation. The information indicated that the offense was set forth in Neb. Rev. Stat. § 60-6,197.06 (Reissue 2010), and alleged that at the time of the November 2011 stop, Serr's operator's license had been revoked pursuant to Neb. Rev. Stat. § 28-306; Neb. Rev. Stat. § 60-698; Neb. Rev. Stat. § 60-6,197.03(4) through (10); or pursuant to Neb. Rev. Stat. § 60-6,196(2)(c) or (d) or Neb. Rev. Stat. § 60-6,197(4)(c) or (d), "as such . . . existed prior to July 16, 2004." The information also alleged that Serr had previously been convicted of operating a motor vehicle during a period of revocation, and it specifically referenced an April 2011 conviction in York County, Nebraska.

Serr filed motions to suppress statements and evidence. The district court scheduled a hearing on the motions to suppress, and the parties agreed that after that hearing the matter would be submitted to the court as "a stipulated [bench] trial."

The testimony presented to the district court included that of the officer who initially stopped Serr in November 2011. He testified that he witnessed Serr violate a red traffic light and effected a traffic stop. He testified that when he made contact with Serr, Serr provided his name correctly but provided a false date of birth. The officer testified that Serr told the officer that he had given a false date of birth "[b]ecause he knew he had a suspended license" and "he was afraid of going back to prison."

Serr testified in his own behalf. He denied having violated a red traffic light and indicated that the light remained yellow as he passed through the intersection. On cross-examination, he acknowledged that his operator's license had been revoked at the time of the traffic stop in this case and acknowledged that he knew he was driving on a revoked license.

At the conclusion of the hearing, the court concluded that it believed the testimony of the officer and that the traffic stop was proper. The parties then stipulated that if the officer were called to testify again for a trial, his testimony would be consistent with his testimony during the hearing and that the court could consider that testimony for purposes of the bench trial.

The State then offered a number of exhibits.

Exhibits 1 and 2 were purported to relate to a 2010 conviction in York County for driving during a period of license revocation and a 2006 conviction in Saunders County, Nebraska, for driving during a period of license revocation. Exhibit 3 was purported to be a certified copy of Serr's driving abstract from the Nebraska Department of Motor Vehicles (DMV). Exhibit 4 was purported to relate to a 1997 conviction in York County for driving under the influence, third offense. The 1997 driving under the influence conviction was represented to be the underlying offense which led to Serr's operator's license being revoked for 15 years.

Serr made a variety of objections to the exhibits, including challenges to relevance and undue prejudice related to exhibits 1 and 2. The State ultimately indicated that exhibits 1 and 2 were intended for purposes of enhancement if the court found Serr guilty of the current charge of

operating a motor vehicle during a period of license revocation. Serr then objected to exhibits 3 and 4 on a variety of grounds, including challenges that the exhibits were hearsay and that their admission would violate Serr's right to confrontation. Serr also objected that exhibit 4 had not previously been disclosed to Serr, that it was not properly certified or self-authenticating, and that it was not a final order. The State then sought a continuance to address issues raised by the objections.

The court denied the State's request for a continuance. The State then reoffered exhibits 1 and 2. Serr renewed his objections to exhibits 1 and 2. The court then took the matter under advisement.

At a subsequent hearing, the court specifically overruled the motions to suppress. The court then found that the State had proven that Serr had operated a motor vehicle during a period of license revocation and that this was a subsequent offense.

The court subsequently held an enhancement hearing and ultimately imposed a sentence of 2 to 5 years' imprisonment. The court also ordered Serr's operator's license revoked for a period of 15 years. This appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Serr has assigned errors challenging the court's admission of exhibits 1 through 4, the sufficiency of the evidence to support his conviction, and the sentence imposed.

## IV. ANALYSIS

### 1. ADMISSION OF EXHIBITS

Serr first challenges the admission of exhibits 1 through 4. Inasmuch as Serr's challenges to each exhibit differed, we will address each exhibit and its admissibility individually. We find no reversible error related to the admission of these exhibits.

As noted in the factual background section above, exhibits 1 and 2 were initially offered, objected to, withdrawn, and later reoffered during the trial in this matter. Exhibits 3 and 4 were also offered during the trial in this matter. Finally, exhibits 1 and 2 were offered again during the enhancement hearing.

The court specifically received exhibits 3 and 4 during the trial. At trial, when the State made its reoffer of exhibits 1 and 2, the district court took the matter under advisement and did not make an immediate ruling on the admissibility of the documents or on Serr's objections to the State's offer of the exhibits. Nonetheless, when the court announced its finding that the State had proven that Serr was guilty of operating a motor vehicle during a relevant period of revocation, the court referenced "all of the exhibits that were in front of [the court]" and indicated that the evidence "collectively" demonstrated Serr's guilt. As such, we agree with the parties that it appears that the court did receive all four exhibits and consider them in our resolution of this case.

### (a) Exhibit 1

Serr challenged the trial court's admission of exhibit 1 on a variety of grounds. The first time the exhibit was offered, he objected on the grounds of relevance and undue prejudice. The second time the exhibit was offered, he objected on those same grounds and also asserted "it's

not a self-authenticating document, hearsay, [and] confrontation." We find that exhibit 1 was not relevant for purposes of this prosecution, but find its admission to be harmless.

All relevant evidence is normally admissible. *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013). Evidence which is not relevant is not admissible. *Id.* Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Id.*

In this case, Serr was charged with operating a motor vehicle during a period of license revocation, as prohibited by § 60-6,197.06. That statute specifically prohibits operating a motor vehicle while one's operator's license has been revoked pursuant to § 28-306; § 60-698; § 60-6,197.03(4) through (10); or pursuant to § 60-6,196(2)(c) or (d) or § 60-6,197(4)(c) or (d), as they existed prior to July 16, 2004. The statute also includes an enhancement provision, increasing the offense from a Class IV felony offense to a Class III felony offense upon a showing that the defendant had a conviction under § 60-6,197.06 or under § 60-6,196(6) or § 60-6,197(7), as they existed prior to July 16, 2004.

Exhibit 1 was purported to relate to a 2010 conviction in York County. The information contained within exhibit 1 alleged that on or about October 1, 2009, Serr had operated a motor vehicle while his operator's license had been revoked; thus, the charge was for driving under a period of revocation. The information designated the relevant statutory authority for the charge as "Section 60-6,196(6)."

Our review of the statutes in effect at that time reveals that there was, in fact, no such statutory provision as "Section 60-6,196(6)." At the time, § 60-6,196 (Reissue 2004) included only two subdivisions, designated as (1) and (2). In fact, § 60-6,196 was not even a statutory prohibition against driving under a period of revocation--it was a statutory prohibition against driving under the influence of alcoholic liquor or drug.

We note that § 60-6,196 was amended in 2004 and, prior to that time, did include a number of other subsections. See Neb. Rev. Stat. § 60-6,196 (Supp. 2003). Even then, however, the statute was a prohibition against driving under the influence and not driving during a period of revocation.

As a result, exhibit 1 appears to demonstrate that Serr was alleged to have been driving during a period of revocation, but the statutory authority for the charge was not one of the statutory provisions specified in § 60-6,197.06 as providing a basis for the currently alleged offense. It was, therefore, not relevant to demonstrating that on the date alleged in the present case he was operating a motor vehicle during a period when his license had been revoked pursuant to the specifically enumerated statutory sections.

Exhibit 1 was also not relevant for purposes of enhancement. Although § 60-6,197.06's enhancement provision provides for enhancing the penalty classification if the defendant has a prior conviction for driving during a period of license revocation and includes a conviction pursuant to § 60-6,196(6), it specifically indicates that § 60-6,196(6) is relevant only as it existed prior to July 16, 2004. Inasmuch as exhibit 1 purports to reflect a 2010 conviction, it was also not relevant on the issue of enhancement.

We conclude that exhibit 1 was not relevant to demonstrate that on the date alleged, Serr was operating a motor vehicle during a period of time when his license had been revoked

pursuant to the specifically enumerated statutory provisions, and was not relevant for purposes of enhancement. As such, it was not admissible and the district court erred in receiving it.

Nonetheless, we conclude that admission of exhibit 1 was harmless in this case. Erroneous admission of evidence is harmless error and does not require reversal if the evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. *State v. Lovette*, 15 Neb. App. 590, 733 N.W.2d 567 (2007). Exhibit 1 purported to show that on the date alleged, Serr's operator's license had been suspended. As discussed below, there was sufficient other admissible evidence, properly admitted, to demonstrate the same fact and support the finding by the trier of fact.

(b) Exhibit 2

Serr challenged the trial court's admission of exhibit 2 on a variety of grounds. Serr objected that exhibit 2 was not relevant and that its admission would be unduly prejudicial. We find that although exhibit 2 was not relevant for purposes of proving the offense with which Serr was charged, it was relevant for purposes of demonstrating that enhancement was appropriate.

Exhibit 2 was purported to relate to a 2006 conviction in Saunders County. The information contained within exhibit 2 alleged that on or about January 28, 2006, Serr had operated a motor vehicle while his operator's license had been revoked; thus, the charge was for driving during a period of revocation. The information designated the relevant statutory authority for the charge as "Sec. 60-6,197.06."

As noted above, § 60-6,197.06 was the statutory basis for the driving during revocation charge in the present case and it specifies that it is unlawful to operate a motor vehicle during a period of time when one's operator's license has been revoked pursuant to specifically enumerated provisions. Section 60-6,197.06 is not, itself, one of the enumerated provisions for purposes of establishing that the offense has been committed. As such, exhibit 2 was not relevant for purposes of proving that Serr was guilty of driving during a period of revocation under the enumerated provisions. Exhibit 2 was not admissible for purposes of proving the violation in this case.

Also, as noted above, however, § 60-6,197.06 also contains an enhancement provision which allows the classification of a proven offense to be enhanced if the defendant has previously been convicted of driving during a period of revocation pursuant to specifically enumerated provisions, including § 60-6,197.06 itself. As such, exhibit 2 was relevant and admissible for enhancement purposes.

The district court's admission of exhibit 2, while error with regard to the allegation that on the date alleged Serr was operating a motor vehicle during a period of time when his license had been revoked pursuant to the enumerated statutory provisions, was not error with regard to the allegation that the classification of this offense should be enhanced because of a prior conviction for the same offense. As discussed below, there was sufficient evidence to demonstrate the alleged offense of operating during a period of revocation without regard to exhibit 2.

(c) Exhibit 3

Serr challenged the trial court's admission of exhibit 3 on a variety of grounds. Serr asserted that exhibit 3 was inadmissible because admission of it violated his right to confrontation and because the exhibit was hearsay and lacked sufficient foundation. We find that exhibit 3 was not testimonial in nature, was properly certified as a public record, and was not improperly admitted.

*(i) Confrontation Challenge*

Serr first asserts that admission of exhibit 3 violated his constitutional right to confrontation of witnesses against him. He asserts that the document was testimonial in nature and was prepared specifically for the State's prosecution of him in this case. We disagree.

The Confrontation Clause, U.S. Const. amend. VI, provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *State v. Fischer*, 272 Neb. 963, 968, 726 N.W.2d 176, 181 (2007). In *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the U.S. Supreme Court held that where testimonial statements are at issue, the Confrontation Clause demands that such out-of-court statements be admitted at trial only if the declarant is unavailable and there had been a prior opportunity for cross-examination. *State v. Fischer, supra*. In *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006), the U.S. Supreme Court expressly held that the Confrontation Clause applies only to testimonial hearsay, because it applies only to witnesses who bear testimony against an accused. *State v. Fischer, supra*.

The initial step in Confrontation Clause analysis is to determine whether the statements at issue are testimonial in nature and subject to Confrontation Clause analysis. *State v. Fischer, supra*. If the statements are nontestimonial, then no further Confrontation Clause analysis is required. *State v. Fischer, supra*. Generally speaking, testimonial statements include ex parte in-court testimony or its functional equivalent (affidavits, custodial examinations, prior testimony); extrajudicial statements contained in formalized testimonial materials (affidavits, depositions, prior testimony, confessions); or those statements made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id.*; *State v. Vaught*, 268 Neb. 316, 682 N.W.2d 284 (2004).

The Colorado Court of Appeals has addressed the question of whether materials contained within a defendant's driving record are testimonial in nature. See *People v. Espinoza*, 195 P.3d 1122 (Colo. App. 2008). In *People v. Espinoza, supra*, the court compared the materials in the defendant's driving record with, among other things, crime laboratory reports. The court noted that crime laboratory reports are considered testimonial in nature because they are prepared at the direction of the police and a copy of the reports are transmitted to the district attorney's office, the sole purpose being to analyze evidence in anticipation of criminal prosecution. *Id.* See, also, *Hinojos-Mendoza v. People*, 169 P.3d 662 (Colo. 2007).

The court in *People v. Espinoza, supra*, concluded that the materials in the defendant's driving record were different and more akin to business records. The documents were created and maintained by the Colorado Department of Revenue and were created before the defendant had ever engaged in any conduct for which he was charged. *Id.* The documents served a routine

administrative function and were not testimonial merely because an objective person might reasonably believe they could at some point be available for use in a prosecution. *Id.*

"'[M]ost documents are not testimonial if they qualify as business records, because most such documents are created for ordinary business purposes unrelated to their potential use by the government in a criminal prosecution.'" *Id.* at 1126, quoting *Thomas v. United States*, 914 A.2d 1 (D.C. 2006). Documents are not testimonial when their primary purpose is not to document facts or events for future prosecution, but, rather, to satisfy administrative functions. *People v. Espinoza, supra.*

The Colorado Court of Appeals also noted that a number of other jurisdictions have held that driving records are not testimonial in nature. *Id.* See, *State v. King*, 213 Ariz. 632, 146 P.3d 1274 (Ariz. App. 2006); *State v. Dukes*, 38 Kan. App. 2d 958, 174 P.3d 914 (2008); *State v. Davis*, 211 Or. App. 550, 156 P.3d 93 (2007).

Similarly, exhibit 3 in the present case was certified to be "true and exact copies of the originals [of documents] which are in the file and custody of the Department of Motor Vehicles." While it is true that exhibit 3 includes a letter from the DMV requesting a certified transcript of Serr's driving record, it is apparent from a review of exhibit 3 that it contains a record maintained by the DMV dating back to at least 1994. These records were not created for purposes of any prosecution, and the entire abstract includes information concerning all of Serr's previous driving violations, the majority of which are not related to the present case in any way. Serr did not make a relevancy objection, and from a review of exhibit 3, it is apparent that the driving records contained therein are not testimonial in nature but are administrative documents created and maintained by the DMV without regard to their potential use in a speculative future prosecution and that their existence predated any actual offense involved in this prosecution. We thus find that there is no Confrontation Clause issue related to the admission of exhibit 3.

*(ii) Hearsay and Foundation*

Serr also alleged that exhibit 3 was inadmissible hearsay. As noted above, exhibit 3 is more akin to a regularly kept public record than a testimonial statement made outside of court.

Neb. Rev. Stat. § 27-803 (Reissue 2008) provides in relevant part:

> Subject to the provisions of [Neb. Rev. Stat. §] 27-403 [permitting the exclusion of certain relevant and probative evidence], the following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> (7) Upon reasonable notice to the opposing party prior to trial, records, reports, statements, or data compilations made by a public official or agency of facts required to be observed and recorded pursuant to a duty imposed by law, unless the sources of information or the method or circumstances of the investigation are shown by the opposing party to indicate a lack of trustworthiness.

The Nebraska Supreme Court has previously held that documentation provided by the DMV documenting the revocation of a driver's license is admissible under the public records exception to the hearsay rule. See, *State v. Rowland*, 234 Neb. 846, 452 N.W.2d 758 (1990); § 27-803(7). In this case, there was no assertion that Serr did not receive reasonable notice that the State intended to offer exhibit 3, and there was no showing that the driving records contained

in exhibit 3 lacked trustworthiness. A representative of the DMV certified that exhibit 3 contained true and accurate copies of originals maintained by the DMV, and every page of exhibit 3 contains a raised seal from the DMV. See Neb. Rev. Stat. § 27-901(2)(g) (Reissue 2008) (requirement of authentication satisfied by evidence that purported public record is from office where items of this nature are kept) and § 27-902(1) (Reissue 2008) (extrinsic evidence of authenticity not required for documents bearing seal of any state or department thereof). We find that exhibit 3 was an admissible public record, not inadmissible hearsay.

(d) Exhibit 4

Finally, Serr challenged the trial court's admission of exhibit 4 on a variety of grounds. The objection made at trial that Serr also argues on appeal is that exhibit 4 was not properly certified or authenticated to be admissible under §§ 27-901 and 27-902. We find no merit to this assertion.

Section 27-902 provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to a variety of documents. Section 27-902(4) includes in the category of self-authenticating documents "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office . . . certified as correct by the custodian or other person authorized to make the certification." See, also, *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985) (court records are official records under this section), *overruled on other grounds, State v. Kuehn*, 258 Neb. 558, 604 N.W.2d 420 (2000).

In this case, exhibit 4 is a copy of an official record of documents filed in the county court for York County related to a 1996 prosecution of Serr for third-offense driving under the influence and refusal to submit to a chemical test. The first page of exhibit 4 includes a certification from the clerk of the county court certifying that it is a true copy of the original on file with the court. The first page of exhibit 4 indicates that the complaint was filed in county court on December 30, 1996. The second and third pages indicate that Serr appeared before the county court on December 30 for arraignment on charges of third-offense driving under the influence and refusal to submit to a chemical test, but that Serr was without counsel and was ordered to appear on January 8, 1997. The fourth and fifth pages of exhibit 4 indicate that Serr appeared before the county court, with counsel, on January 8 and was arraigned on charges of third-offense driving under the influence and refusal to submit to a chemical test; he entered pleas of not guilty to both charges.

The sixth page of exhibit 4 is an order indicating that trial was held on April 22, 1997; that Serr had appeared for trial with counsel; that the jury had found Serr guilty of driving under the influence and refusal to submit to a chemical test; and that an enhancement hearing was scheduled for May 28. The seventh and eighth pages of exhibit 4 indicate that Serr appeared before the county court on May 28 for an enhancement hearing, that the court found that Serr's conviction for driving under the influence was a third offense, and that the court sentenced Serr.

Serr argues that the certification in this case was insufficient because it appeared only on the first page of exhibit 4 and did not indicate how many pages or documents were included. He also points out that the docket number reflected on the second and fourth pages (relating to the two times Serr appeared for arraignment, once without counsel and once with counsel), is not

consistent: the docket number on the second page is "96-757" and the docket number on the fourth page is "96-760."

In *State v. Epp*, 278 Neb. 683, 773 N.W.2d 356 (2009), the Nebraska Supreme Court specifically held that it is not necessary to have a certification on each page of a compilation of documents relating to a prior conviction. We conclude that the certification on the first page of exhibit 4 was sufficient where, as recounted above, a review of the entirety of exhibit 4 leaves no doubt that the documents are all part of the court file concerning the case certified by the clerk of court on the first page. Despite the error concerning the docket number, a review of each page of exhibit 4 demonstrates that every page is part of the court file concerning the same prosecution and the consistency and relation between the documents demonstrates its trustworthiness. As such, we conclude that exhibit 4 was properly admitted.

## 2. SUFFICIENCY OF EVIDENCE

Serr next asserts that the evidence adduced by the State was insufficient to support a guilty verdict. Serr's argument in this regard is heavily dependent on his assertions discussed above concerning the admissibility of exhibits 1 through 4. Because we conclude that exhibits 3 and 4 were both properly admitted, we find sufficient evidence to support Serr's conviction.

In this case, Serr was charged with operating a motor vehicle during a period of license revocation, as prohibited by § 60-6,197.06. That statute specifically prohibits operating a motor vehicle while one's operator's license has been revoked pursuant to § 28-306; § 60-698; § 60-6,197.03(4) through (10); or pursuant to § 60-6,196(2)(c) or (d) or § 60-6,197(4)(c) or (d), as they existed prior to July 16, 2004. The statute also includes an enhancement provision, increasing the offense from a Class IV felony offense to a Class III felony offense upon a showing that the defendant had a prior conviction under § 60-6,197.06, § 60-6,196(6), or § 60-6,197(7), as they existed prior to July 16, 2004.

As a result, for the evidence to be sufficient to support the guilty verdict, there had to be sufficient evidence to demonstrate that on or about November 5, 2011, Serr was operating a motor vehicle while his operator's license had been revoked pursuant to one of the enumerated provisions. To support enhancement of the offense from a Class IV felony offense to a Class III felony offense, there had to be sufficient evidence adduced to demonstrate that Serr had a prior conviction for this same offense.

As discussed above, we have concluded that exhibits 3 and 4 were properly admitted. Exhibit 4 demonstrates that in December 1996, Serr was charged with third-offense driving under the influence pursuant to § 60-6,196(2)(c). Exhibit 4 demonstrates that Serr was convicted and that, as part of his sentence, his operator's license was revoked for a period of 15 years. Exhibit 4 demonstrates that the sentence was imposed in May 1997 and that the sentence was ordered to begin in July if Serr's appeal was not perfected. The record does not demonstrate whether an appeal was perfected or successful. However, exhibit 3 demonstrates that Serr's operator's license was revoked in December 1997, pursuant to a charge filed in December 1996.

Taken together, exhibits 3 and 4 demonstrate that Serr's license was revoked for a period of 15 years in 1997, pursuant to one of the provisions enumerated in § 60-6,197.06. It appears that the revocation began in December 1997, meaning that it would have remained in effect until December 2012. At the earliest, the revocation was ordered in a sentencing order in May 1997,

- 9 -

and even if we considered that the operative date of revocation, it would have remained in effect until May 2012. Regardless of when the revocation took effect, it remained in effect in November 2011 when Serr was stopped while operating a motor vehicle, leading to the charge in the instant case. Thus, the evidence was sufficient to demonstrate that Serr was operating a motor vehicle during an enumerated period of revocation.

In addition, exhibit 3 also demonstrates that Serr's operator's license was again revoked for a period of 15 years in April 2010. Exhibit 3 demonstrates that this revocation was as a result of a judgment that Serr had violated § 60-6,197.06. Thus, the evidence was also sufficient to demonstrate that the instant offense was properly enhanced from a Class IV felony offense to a Class III felony offense.

As noted above, we have concluded that exhibits 1 and 2 were not shown to be relevant and were not properly admitted. However, inasmuch as exhibits 3 and 4 sufficiently demonstrated the requisite elements to support Serr's conviction, the admission of exhibits 1 and 2 was harmless error. See *State v. Lovette*, 15 Neb. App. 590, 733 N.W.2d 567 (2007) (erroneous admission of evidence is harmless if other relevant and properly admitted evidence supports finding by trier of fact).

The evidence adduced by the State was sufficient to demonstrate that Serr was guilty of operating a motor vehicle during a period of time when his operator's license had been revoked, pursuant to one of the enumerated provisions, and that Serr has a prior conviction for the same offense. We find no merit to Serr's assertion that the evidence was insufficient.

### 3. SENTENCE

Finally, Serr asserts that the sentence imposed was excessive. We disagree. He also points out that the trial court did not comply with the requirement of § 60-6,197.01 mandating a sentencing court to either order all motor vehicles owned by the convicted defendant immobilized or order an ignition interlock permit. Because the trial court did not impose either of these statutorily mandated requirements, the matter must be remanded for further proceedings.

### (a) Excessiveness of Sentence

As discussed above, the conviction in this case was for a Class III felony offense. In addition to revoking Serr's operator's license for another 15 years, the court sentenced Serr to 2 to 5 years' imprisonment. A sentence of 2 to 5 years' imprisonment for this offense was not an abuse of discretion.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Watt*, 285 Neb. 647, ___ N.W.2d ___ (2013). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* An abuse of discretion occurs when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013).

Because Serr had a prior conviction for this same offense, the offense in this case was a Class III felony offense. See § 60-6,197.06. A Class III felony offense is punishable by 1 to 20

years' imprisonment and may also include a fine of up to $25,000. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2012).

Serr asserts that a sentence of 2 to 5 years' imprisonment was excessive because the sentencing court did not give enough consideration to his substance abuse addiction, his lack of significant violent criminal record, and his rehabilitative needs. We disagree.

Serr's criminal history includes a variety of offenses, including numerous prior violations involving operating a motor vehicle when he was not legally authorized to do so. Serr has numerous prior convictions for driving under the influence. Starting in September 1981, Serr has been convicted of driving while his operator's license had been suspended or revoked on 13 prior occasions. The sentences imposed for these violations has ranged from the loss of "points" to short jail sentences to longer jail sentences to imprisonment. Serr has previously been given the benefit of intensive supervised probation for such a conviction. When considering Serr's entire criminal history since 1980, his operator's license has previously been revoked on approximately 16 occasions, with periods of revocation ranging from 30 days to 15 years. Nonetheless, Serr has continued to show a complete disregard for the legal requirement of having a valid operator's permit to drive.

The sentence imposed in this case, 2 to 5 years' imprisonment, is near the low end of the statutory range that could have been imposed. Given Serr's criminal history, we find no abuse of discretion in this sentence, and Serr's assertions to the contrary are meritless.

### (b) Immobilization or Interlock

Section 60-6,197.01(1) mandates that upon conviction for a violation of § 60-6,197.06, the sentencing court "shall" either order all motor vehicles owned by the convicted defendant immobilized at the owner's expense for a period of 5 days to 8 months or order the convicted defendant, in order to operate a motor vehicle, to obtain an ignition interlock permit and install an ignition interlock device on each motor vehicle he owns or operates. The sentencing order in this case makes no mention of § 60-6,197.01 or its requirements. As such, we must remand to the trial court for imposition of a sentence that is consistent with § 60-6,197.01.

### V. CONCLUSION

We find no merit to Serr's assertions of reversible error related to the admission of evidence, the sufficiency of the evidence, or the sentence imposed. We do find that the trial court failed to follow the statutory mandate of § 60-6,197.01, and we remand for further proceedings.

REMANDED FOR FURTHER PROCEEDINGS.