NOT DESIGNATED FOR PUBLICATION

No. 114,613

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF GARDNER,
*Appellee*,

v.

VADIM BARCA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed September 23, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Courtney T. Henderson*, of Billam & Henderson, LLC, of Olathe, for appellant.

*Corey F. Kenney*, of Olathe, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*: After appealing a municipal court conviction for misdemeanor theft, Barca was convicted of misdemeanor theft in district court. The district court imposed probation, supervised by the court services office, and ordered Barca to pay a $500 fine plus court costs. On appeal, Barca challenges the district court's authority to order the court services office to supervise his probation for a municipal offense. He also contends the court failed to adequately inquire into his ability to pay before imposing the $500 fine.

1

On December 12, 2013, Officer William Bland issued Barca a citation and order to appear for misdemeanor theft. The Gardner Municipal Court adjudged Barca guilty and sentenced him to 15 days suspended with no law violations, $45 in court costs, and a $200 fine. Barca, represented by counsel, appealed to the Johnson County District Court for a new trial.

A jury found Barca guilty of theft of property valued at $44.58. At sentencing, the City of Gardner (City) asked the district court to sentence Barca to an underlying 180 days' imprisonment and 12 months' probation. The City also asked court to impose a $2,500 fine to compensate the City for the costs of prosecuting the case, including hiring counsel, issuing subpoenas, and overtime. Additionally, the City advised the court that Gardner, a small city, did not have its own probation department and had to rely on evaluators. It requested the court services for the district court supervise Barca's probation. The City informed the court that there was no minimum fine required.

Barca challenged the fine request, contending that the City sought to punish Barca for exercising his right to a jury trial. Barca also suggested that he could not pay a $2,500 fine. Barca did not object to or challenge probation.

Barca addressed the district court, indicating he could not believe the process he was undergoing and stated his conduct was the result of anesthesia related to dental surgery. Barca also advised it was already difficult for him to keep up with "payments." The court confirmed that Barca was still employed full-time, but it made no further inquiry into his financial circumstances.

The district court imposed an underlying 90-day sentence along with 12 months' probation supervised by the court services office. The court assessed then undetermined court costs against Barca, while indicating that it could give him some extra time to pay those costs. It imposed a $500 fine, due within 180 days. Barca appeals.

2

Barca argues the district court judge sat as a municipal court judge and could not issue a probation sentence as though he was sitting as a district court judge. He also argues the court erred by imposing a probation sentence subject to Johnson County Court Services supervision rather than Gardner evaluator supervision. As such, he contends that the sentence is illegal and we should vacate and remand for resentencing.

The City argues the district court's decision was appropriate, as placing Johnson County Court Services in charge of Barca's probation ensured a continuing relationship between the sentencing judge and Barca, as any probation violations would be addressed in the district court where the judge normally sits. The City contends that placing Barca under the county probation services rather than the city evaluators was both legally and practically appropriate.

A district court judge hearing a case on appeal from a municipal court sits as a municipal court judge, and the case is heard de novo. K.S.A. 22-3610; *City of Overland Park v. Estell & McDiffett*, 225 Kan. 599, 602-03, 592 P.2d 909 (1979). If a municipal court has no authority to take a particular action, neither does the district court on an appeal of this nature. *City of Dodge City v. Anderson*, 20 Kan. App. 2d 272, 274, 886 P.2d 901 (1994). Under K.S.A. 2015 Supp. 12-4106(6) and K.S.A. 2015 Supp. 12-4509(a)(2)-(3), a municipal court judge has the authority to sentence guilty defendants, impose fines, and release individuals on probation. District courts are also authorized to sentence defendants to probation, and the court has broad discretion to determine both the general and specific conditions of probation. K.S.A. 2015 Supp. 21-6607(a)-(b).

Barca's argument regarding the district court's authority to order the court services to supervise his probation is not persuasive. Both municipal court judges and district court judges have statutory authority to release a convicted defendant on a term of probation and to set the terms of probation within the court's broad discretion. K.S.A.

3

2015 Supp. 12-4106(b); K.S.A. 2015 Supp. 12-4509(a)(2)-(3); K.S.A. 2015 Supp. 21-6607(a)-(b).  In *Anderson*, on which Barca relies, the district court imposed attorney fees that the statute did not explicitly authorize, clearly distinguishing the statutory authority issues in *Anderson* from those alleged in this case, where both courts were authorized to impose probation. 20 Kan. App. at 274-75. The district court ordered probation and ordered its own court services office to supervise the probation, and no authority Barca cites suggests that this was outside the scope of the district court's broad discretion to shape the terms and conditions of his probation. K.S.A. 2015 Supp. 21-6607(a)-(b). The actions by the court in this regard were legal and we affirm.

Barca also argues the district court erred by failing to inquire into his ability to pay before imposing a $500 fine. He alleges the court did not make any inquiry regarding his pay rate, monthly living expenses, or other obligations before determining the fine and imposing it in addition to court costs. He contends we should vacate the fine.

The City argues the district court did not err by imposing a fine with a limited inquiry into Barca's financial circumstances, as Barca was not indigent and had retained counsel in every proceeding. Barca failed to discuss any financial issues when he spoke to the court prior to sentencing, choosing instead to attempt to reargue the case, and the court inquired into Barca's employment status and confirmed that he was still employed full-time.

A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper,* 275 Kan. 823, 827, 69 P.3d 559 (2003). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable, *i.e.,* if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion;

4

or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

K.S.A. 2015 Supp. 21-6612 limits a court's authority to impose a fine. The court cannot automatically impose imprisonment and a fine, and, in order to do so, it must inquire into a defendant's ability to pay and state on the record that it has taken into account the defendant's financial resources and the nature of the burden that the fine will present for the defendant. *State v. Tafoya*, 304 Kan. 663, 669, 372 P.3d 1247 (2016) (quoting *State v. McGlothlin*, 242 Kan. 437, 441, 747 P.2d 1335 [1988]). A remand to correct a fine for lack of adequate findings is not a remand for complete resentencing. *Tafoya*, 304 Kan. at 669.

The district court's inquiry into Barca's ability to pay was limited to asking whether he was still employed. Although the court confirmed that Barca was employed full-time, it did not inquire into how much Barca made per hour, his cost of living, or the "payments" he advised the court he was already having difficulty making. The court made no findings whatsoever regarding Barca's ability to pay a discretionary fine, which it was required to do. See *McGlothlin*, 242 Kan. at 441.

Contrary to the City's argument, the lack of an indigency finding is not relevant, although the court could have inquired into Barca's ability to pay for an attorney as a part of its determinations regarding his ability to pay a fine. The statutory burden to establish the defendant's ability to pay lies squarely on the court, not on the defendant, so Barca's failure to discuss his financial difficulties is immaterial. K.S.A. 2015 Supp. 21-6612. The only accommodation the court made for Barca's briefly recognized financial difficulties was granting 180 days in which to make the payments, but even that accommodation was made with little to no knowledge of Barca's actual financial circumstances and no specific findings or statements by the court regarding Barca's circumstances. As such, the court's imposition of the fine without a statutorily adequate inquiry into Barca's ability to

5

pay the fine was legally erroneous, constituting an abuse of discretion, and we must vacate the fine and remand for the limited purpose of completing a more thorough inquiry before imposing any fine.See *Tafoya*, 304 Kan. 669; *Cooper*, 275 Kan. at 827.

The probation order is affirmed. The fine is vacated, and the matter is remanded for inquiry by the district court into the appropriateness of a fine.

Affirmed in part, vacated in part, and remanded with directions.